## CLAY BLDG. MATERIAL CO. v. CITY OF WINK et al.

### No. 3947.

Court of Civil Appeals of Texas. El Paso.

May 23, 1940.

Rehearing Denied June 20, 1940.

R. L. Thompson, of Stephenville, for appellant.

A. T. Folsom, of Wink, for appellees.

PRICE, Chief Justice.

Appellant, plaintiff in the trial court, sued appellee, defendant there, on a city warrant in the sum of $1,834.86, issued by appellee on the 6th day of April, 1929, payable to appellant's predecessor in title, or order. General and special exceptions interposed by appellee to the appellant's petition were sustained by the trial court, and, appellant declining to amend, the judgment was that the suit be dismissed. Appeal was duly perfected.

The warrant sued on is as follows:

"The City of Wink, Texas          No. 96

"The City Treasurer will pay to Clay Lumber Company, or order, $1834.86, the sum of one thousand eight hundred thirty four & 86/100 dollars out of the General Fund as allowed by the City Commission on the 1st day of April, 1929, for City Hall

Building, 6% interest per annum from date. Given under my hand and seal this 6th day of April, 1929,

"S. P. Beene, Secretary
"J. R. Ostrom, Mayor."

The consideration for the warrant was alleged to be the construction under a contract between appellee and appellant of a City Hall for appellee. In making the contract aforesaid it is alleged that the appellee acted by ordinance duly passed by its Commissioners and Mayor; the construction of the City. Hall for appellee by appellant is alleged; further, that the agreement and intention of all parties at the time of making the contract and the issuance of the warrant was that the warrant was to be paid from the general fund for the year 1929. It further appears from the allegations that the City Hall was accepted by appellee and thereafter continually used by it, and is now used by appellee for a City Hall. Payments on this warrant are set forth as follows: April 5, 1933, $122.40; March 15, 1934, $78.05.

Appellant further averred that while it was the intention and justifiable belief of all parties that the current revenues of the City for the year 1929 would be ample to pay said warrant, but that due to the depression occurring in the year 1929 appellee was unable to collect sufficient revenue for that purpose; that since the issuance of said warrant up to the year 1937 the appellee had been unable to collect funds legally applicable sufficient to pay the said warrant excepting, of course, the payments averred; that in 1937 it collected sufficient funds legally applicable to the warrant to pay same, but thereafter has failed and refused to pay same.

It was further averred that on the day of the filing of the amended petition, to-wit, the 24th day of February, 1939, appellee had funds on hand applicable to the warrant sufficient to pay same, and would have such funds during the year 1939; that owing to the shrinkage of the taxable values prior to 1937 the appellee had no funds legally available to apply on the warrant.

In the second count fraudulent representations are charged against the officers and agents of the appellee relative to its financial condition at the time of the contract; a reliance thereon by appellant, and failure to discover such alleged fraud until 1936; and a plea of estoppel on the part of the appellee to set up the defense of limitation or the constitutional provision applicable.

By a third count a recovery of the building is sought together with rental thereon at the rate of twenty dollars per month.

Among the defenses urged was a general exception and special exceptions invoking the four year statutes of limitations. These exceptions were sustained.

A correct disposition of this appeal involves the determining, first, as to whether the petition shows on its face a violation of Section 5 or 7 of Art. 11 of the Constitution, Vernon's Ann.St.; then, if that question be answered in favor of appellant, the question of limitation arises.

Unless it was contemplated by appellee and appellant that the warrant was to be paid from current revenue for the year 1929, it is clear that the attempted creation of the debt was in violation of the Constitution. On the other hand, if the reasonable intention of the parties was that same be paid from the current revenue for the year 1929, same is not inhibited by the Constitution.

It cannot be denied that the erection of a City Hall is not one of the ordinary annual expenses of a city, but the essence of the prohibition of Section 5 or 7 is that no debt can be created without provision for payment. This applies to all obligations regardless of the purposes of their creation. However, an obligation to be paid out of revenue for the current year is not such a debt as comes within the meaning of the Constitution. The constitutional provision does not apply to debts payable out of current revenue for the year or other funds in immediate control of the city lawfully applicable thereto. City of Corpus Christi v. Woessner, 58 Tex. 462; McNeal v. City of Waco, 89 Tex. 83, 33 S.W. 322; Stevenson v. Blake, 131 Tex. 103, 113 S.W.2d 525; Southland Ice Co. v. City of Temple, 5 Cir., 100 F.2d 825.

The purposes of the obligation, the extent thereof, and the extent of the revenue of the city may all have important bearing in cases of doubt in determining the question as to whether it is contemplated that same be paid from current revenues, but none of these is necessarily conclusive on the question.

The erection of a City Hall, if same be required, is certainly a proper matter of municipal expenditure. If it reason-

ably appear that the current revenues of a municipal corporation will exceed the ordinary current expenses, there is no reason why the excess should not be devoted to the erection of a city hall.

This matter arises on demurrer, hence the allegations of plaintiff's petition are duly taken as representing the facts. As has been before stated, the mutual intentions and reasonable expectation of both parties was that the warrant was to be paid out of the general fund for the year 1929; further, that there was every reason to believe that by taxation there could be placed in the general fund sufficient revenues to meet the current expenses of the City and pay for the proposed improvement.

It seems that it is not necessary that the funds be in the city depository or in the hands of the city. If there is reasonable expectation that same will be raised during the current year, that is sufficient. The fact that same were not raised during that year would not release the city, City of Laredo v. Frismuth, Tex.Civ.App., 196 S. W. 190; Colonial Trust Co. v. Hill, Tex. Com.App., 294 S.W. 516.

We hold that on the averments of plaintiff's petition a violation of Section 5 or 7 of Art. 11 of the Constitution does not appear.

Let us then address ourselves to the question of limitation. Under the case made by the petition appellant had no legitimate quarrel with appellee prior to 1937. Appellee was unable to provide the funds from which appellant's claim was lawfully payable. Current expenses were, of course, a first claim on the general funds. If properly payable from the general fund, the warrant was, of course, payable in due order. There was no unlimited power of taxation on the part of appellee. It could not be forced by mandamus on its officers to levy taxes beyond a lawful limit. In refraining from doing this the Commissioners and Mayor were acting in accordance with the law. If the allegations of the first count of the petition are true, any suit by appellant prior to 1937 would have been premature.

■ Between individuals a promise to pay from a particular fund does not mature until such fund comes into existence. Bowers v. Bowers, Tex.Civ.App., 99 S.W. 2d 334; Shackelford v. Neilon, Tex.Civ. App., 100 S.W.2d 1037.

The case of Leach v. Wilson County, 62 Tex. 331, seems to us to have some bearing here by analogy. It was there held where a claim had been allowed by the Commissioners' Court and warrant duly issued therefor, until repudiation thereof by the County limitation did not commence to run.

McQuillin, in relation to the running of the statute of limitation as to warrants, says: "A cause of action accrues when the warrant is due and payable and the fund is in existence to pay such warrant. Until a fund is provided by the municipality to pay warrants, limitations do not ordinarily begin to run." Vol. 6, McQuillin, Municipal Corporation, Second Edition, Sec. 2419.

■ Here, according to the theory of the petition, there was a fund under the immediate control of the City to be raised by current taxation sufficient to pay 'this warrant. This fund, through unforeseen conditions, was not available at the time contemplated. A municipal warrant is in the nature of an order given by the city on the city. Stratton v. Commissioners' Court, Tex.Civ.App., 137 S.W. 1170.

Where the warrant is payable out of a particular fund, such as the general fund, implicit in the order is payment out of the fund when same comes into the custody of the proper officers of the city. Payment out of the fund to be made with due regard to the previous orders given thereon.

■■ It is our opinion that under the averments of appellant's petition this warrant was not barred by limitation at the time of the institution of appellant's suit on the 8th day of February, 1938. If the warrant in question was payable out of current revenues of 1929, and there was reasonable expectation that same would be sufficient after payment of the current expenses of the city to pay same, and that in truth and in fact the City of Wink was until 1937 unable to provide for the warrant out of the general fund, the cause of action is not barred on the warrant. The duty to pay did not arise until funds were legally available for payment. Further, we hold that any cause of action on an implied contract to pay the reasonable cost of the construction is barred. City of Wink v. R. B. George Machine Co., Tex.Civ.App., 73 S.W.2d 653.

■ In our opinion, any cause of action based upon fraud is likewise barred. This is not a time warrant. A failure to pay

same from the revenues for 1929 would, within a year or so thereafter, be sufficient to demand inquiry. An inquiry pursued with reasonable diligence would certainly lead to knowledge of the financial condition of the City. Some seven or eight years have elapsed from the time the warrant should, in the reasonable contemplation of the parties, have been paid.

It is ordered that the cause be reversed and remanded.