## CARLILE v. BRADLEY et al.
No. 2876.

Court of Civil Appeals of Texas. Waco.

Oct. 6, 1949.

Bowlen Bond, Teague, H. L. Williford, Fairfield, for appellant.

Bradley & Geren, Groesbeck, for appellees.

HALE, Justice.

This is an appeal from an order granting a writ of mandamus commanding appellant, as County School Superintendent of Freestone County, Texas, to approve a school trustees' check or voucher drawn on the County Depository of that county. The voucher was dated May 12, 1949, was

payable to the order of appellees in the sum of $500.00 and was duly signed by the trustees of St. Elmo Common School District No. 46, hereafter referred to as St. Elmo. It was issued as part payment to appellees of attorneys fees for legal services rendered and to be rendered by them on behalf of St. Elmo in certain litigation then pending against appellant and others. For a statement as to the nature and results of the litigation out of which the present controversy arose, we refer to the former opinion of this court in the case of Fairfield Independent School District et al. v. Streetman Independent School District et al., 222 S.W.2d 651.

The application for mandamus was heard by the court below without a jury. At the request of appellant the trial judge filed extensive findings of fact and conclusions of law. Among other things, the court found in effect that St. Elmo, through its trustees, employed the legal services of appellees prior to September 21, 1948 to represent it in the event litigation should ensue out of the pending proposal to annex St. Elmo to Fairfield Consolidated as a rural high school district; that subsequent to such date the trustees of St. Elmo agreed to pay appellees as an attorneys fee for such representation through the trial and appellate courts of this State the sum of $500.00, with the further understanding that appellees would be paid the additional sum of $500.00 if the litigation should terminate favorable to their contentions; that the attorneys fees thus agreed upon were reasonable; that appellees had rendered and were rendering the legal services contemplated by the parties to the contract; that the voucher was duly presented to appellant for approval on the day it was drawn and appellant arbitrarily refused to approve the same; and that sufficient tax funds were on hand to the credit of St. Elmo in the County Depository at that time and thereafter to pay said voucher. The court concluded that the voucher was duly issued for a valid and legal obligation; that the approval thereof by appellant involved the performance of a duty which was purely ministerial on her part; and that appellant had no valid ground for refusing to approve the same.

Appellant says the court erred in finding that a contract of employment was entered into between St. Elmo and appellees prior to January 1, 1949, and that such finding is without any support in the evidence. She also asserts that the undisputed evidence shows St. Elmo was legally annexed to Fairfield Consolidated as a rural high school district by order of the County School Board of Freestone County duly entered on September 29, 1948 and consequently she says the trustees of St. Elmo had no authority in law to enter into any contract of employment with appellees after the latter date. We cannot sustain these contentions

The evidence in this case shows that the County School Board of Freestone County entered an order on August 25, 1948 calling for a school election to be held on September 21, 1948. The purpose of the election was to determine whether the qualified voters within a certain area were favorable to the proposed annexation of St. Elmo and other school districts to Fairfield Consolidated as a rural high school district. The election was held on September 21st and the result thereof gave rise to a chain of events which are set forth in detail in the former opinion of this court to which we have already referred.

Upon the hearing of the application for mandamus, J. M. Barker testified that he, Curtis Hagler and John T. Massey were the trustees of St. Elmo; that sometime prior to the holding of the annexation election on September 21, 1948, the three trustees went to the office of appellees for the purpose of discussing the election and proposed annexation; and that the trustees had an agreement at that time with appellees whereby the latter were to represent St. Elmo in the litigation that might ensue from such election and proposed annexation. Curtis Hagler testified to the same effect, stating that the trustees of St. Elmo intended at that time to take the matter into court. Although there was no evidence showing that the amount of the attorneys fees to be paid was agreed upon at the time of the original retainer, we think the

testimony as a whole and the events which had then transpired in the court below relative to the contemplated litigation was sufficient to warrant the trial court in finding the facts as he did with reference to the employment of appellees and the reasonableness of their fees for the legal services rendered and to be rendered by them.

Furthermore, even though St. Elmo had not retained or attempted to retain the services of appellees prior to the election which was held on September 21, 1948, we do not think such election or the annexation order of the County School Board of Freestone County as entered on September 29, 1948 had the legal effect of depriving St. Elmo and its duly constituted trustees from resorting to the courts for the purpose of contesting the validity of the annexation order and subsequent proceedings incident thereto, if in good faith they saw fit to do so. In order to contest the validity of such order and the subsequent proceedings based thereon, it was reasonably necessary that the contestants be represented by counsel. The contestants in the contemplated litigation have been and are now being properly represented by appellees. Therefore, under the circumstances shown by the record, we are of the opinion that the trustees of St. Elmo were vested with implied authority in law to retain the services of appellees and that the tax funds on hand to the credit of St. Elmo in the County Depository of Freestone County were and are subject to the payment of a reasonable attorneys fee as agreed upon by the parties at interest, regardless of the exact date when the negotiations with respect to such agreement were concluded. 37 T.J. p. 945, Sec. 77; Arrington v. Jones, Tex.Civ.App., 191 S.W. 361; Chrestman v. Tompkins, Tex. Civ.App., 5 S.W.2d 257 (er. ref.;) Sluder v. City of San Antonio, Tex.Com.App., 2 S.W.2d 841.

The court below also found that appellees duly appealed to the County School Board of Freestone County from the adverse ruling and refusal of appellant to approve the voucher issued to them, such appeal having been perfected on May 23, 1949; that the County Board met on June 1, 1949 with a majority of its members present; and that the Board then considered the matter and refused to approve the voucher. The application for mandamus was filed herein on June 6, 1949. Appellant says the trial court erred in finding that the County Board refused to approve the voucher and that in all events the writ of mandamus should have been sought and issued, if at all, against the County Board and not against appellant. We cannot agree with either of these contentions.

The undisputed evidence introduced on the hearing of the application shows that appellees duly filed with the County Board their appellate petition in proper form on or about May 23, 1949; that the County Board met in special session on June 1st with three of its five members present; that appellees' petition was read and discussed; and that after such discussion a motion was made, seconded and carried that "action upon said petition be deferred until the next meeting of the County Board of School Trustees or until all members of the Board are present." There was no affirmative showing as to why action on the petition was so deferred or as to when all members of the Board might be present at any meeting in the future. Under all the circumstances in evidence, we think the trial court was warranted in finding and concluding in effect that appellees had reasonably exercised and exhausted their remedy of appeal to the County Board, in so far as such appeal might be a condition precedent to their right to secure a writ of mandamus against appellant. Art. 2693 of Vernon's Tex.Civ. Stats. expressly provides that "The county superintendent shall approve all vouchers legally drawn against the school fund of his county." Since it was shown in this proceeding that appellant had failed and refused to perform the duty thus imposed upon her by law, we see no valid reason why the writ of mandamus herein applied for should not have been granted.

Accordingly, all of appellant's points of error are overruled and the judgment appealed from is affirmed.