**CROSBY et al. v. P. L. MARQUESS & CO. et al.**

**No. 4637.**

Court of Civil Appeals of Texas. Beaumont. Jan. 5, 1950.

James F. Parker, Beaumont, for appellants.

Robert L. Sonfield, Houston, Melvin Combs, Beaumont, for appellees.

R. L. MURRAY, Justice.

This is an appeal from a judgment of the district court of Hardin County, in a suit by the appellants as resident tax payers of Kountze Corporate School District for injunction against the School District and its trustees and P. L. Marquess & Company, appellees.

In July, 1948, the School District entered into the following contract with P. L. Marquess & Company:

"The State of Texas ⎱ Know All Men
"County of Hardin ⎰ By These Presents:

"That Whereas, the Independent School District of Kountze has determined that it would be wise and to the best interest of said District for it to employ experts

skilled in the matter of appraising and valuing the taxable property located in such District, said experts to compile and furnish data and information to said District or the Board of Equalization for the year 1948, said data and information to be made available in respect to all of such property lawfully before such Board for consideration in the equalization of values upon redentions made by the owners thereof, or upon renditions made by the Tax Assessor where the owner or owners may fail to render same; and

"Whereas, said Board finds that P. L. Marquess & Company of Wharton, Texas is skilled in such work and is qualified and able to carry through and complete such work; and

"Whereas, P. L. Marquess & Company has proposed to the said Board that it will gather and compile information to the value of all real and personal property, customarily thought of as being taxable, i. e. minerals, land, improvements, and inventories of goods, wares and merchandise, situated in such District as of January 1, 1948, for the use of such District in the assessing and collection of taxes, and will make all of such information completely available in said District to be used by it as it may see fit in determining what values should be assigned to said properties, furnishing a complete file in properly bound ledgers of such findings, and to serve as witness before the Board of Equalization of the said District, and also to complete the necessary inventory sheets and tax rolls on forms to be furnished by the District, for a basic consideration of 5 cents on each $100.00 of the total assessed value used for tax purposes (Example, 5 cents x $100.00 = $5,000,000.00

$2,500.00

such compensation to be not less than $2,-000.00 and not to exceed $4,500.00.

"Party of the second part agrees to gather and compile information relating to the value of all real and personal property customarily thought of as being taxable, i. e., minerals, land, improvements, and inventories of goods, wares and merchandise situated in such District as of

January 1, 1948, for the use of such District in the assessing and collection of taxes, and will make all of such information completely available to said District to be used by it as it may see fit in determining what values should be assigned to said properties, furnishing a complete file in properly bound ledgers of such findings, and to serve as witness before the Board of Equalization of the said District and also to complete the necessary tax rolls of such District, on forms to be furnished by the District.

"As a consideration therefor the First Party agrees to pay Second Party the total sum due him at its regular meeting in October, 1948, which amount shall be properly appropriated and considered in the Budget as prepared for the school year of 1948–1949.

"Second party also agrees that such District will be in no way obligated to him or his assistants for salaries, expense, or material, except as herein otherwise stated, and First Party agrees to pass all necessary orders to facilitate the work and the proper payment therefor. Work shall be begun immediately upon the execution of this contract and completed for use on the 1948 Tax Roll.

"Witness our hands in duplicate originals, this the ——— day of ———, A.D. 1948."

Thereafter the appellee P. L. Marquess & Company completed all work which was contemplated by such contract, and appellants herein filed suit to enjoin the school trustees from making any payment to the Marquess Company and to enjoin Marquess & Company from collecting any money from the School District. A temporary restraining order was issued and a temporary injunction was subsequently issued. On an appeal from such temporary injunction, by judgment of this court on the 20th day of January, 1949, we held that such contract was not illegal or void but declined to reverse the judgment of the lower court or to order the temporary injunction dissolved. Upon the trial on the merits, the District Court found that all services under the contract existing be-

tween the School District and the Marquess Company were performed during the scholastic year 1948–1949, and that it was the intent and within the lawful and reasonable contemplation of the parties that the money provided for in the contract be paid from current revenues of the School District for such year, and that the School District and its trustees determined and lawfully and reasonably believed that such revenues would be sufficient for that purpose; that such revenues are more than sufficient for such year to pay the full amount due under the contract; that the contract was legal and valid and its execution was within the implied powers of the School District; that the services had been performed by Marquess & Company in a satisfactory manner; that the School District has received the full benefit of such services; that the amount due Marquess in full satisfaction of the contract was $2,044. The judgment dissolved the temporary injunction theretofore granted and denied any relief to plaintiffs, appellants here.

◼ On their appeal the appellants contend by their first point that such contract was unauthorized and void for the reason that at the time of its execution no funds were available or accruing to the School District during the scholastic year which ended August 31, 1948, necessary to meet the obligations of the contract. This point is overruled. We have examined the statement of facts and find the evidence amply sufficient to sustain the trial court's finding that the school trustees reasonably anticipated the collection of sufficient revenues with which to discharge their payments under the contract. We note, however, from the contract that no payment was due to be made by the School Board until its regular meeting in October, 1948. From all the testimony the school trustees were amply justified in their anticipation that during the current scholastic year 1948–1949 they would have available sufficient funds to make their payment during the current year. It is undisputed that at the time the suit was filed the school trustees did have sufficient money to pay the Marquess Company. See Stewart v. Newton Independent School District, Tex.Civ.App., 153 S.W.2d 270, cited by both appellants and appellees. Clay Building Materials Company v. City of Wink, Tex.Civ.App., 141 S.W.2d 1040.

◼ The second point of appellants is that the contract between the School District and the Marquess Company, as not being limited in employing a "skilled expert" to value for taxation purposes property in special instances where technical knowledge and equipment are required, but on the contrary by its express terms embracing a valuation of the entire taxable property of such School District by Marquess & Company as well as the preparation of tax rolls by Marquess, necessarily superseded the powers, duties and functions of the Tax Assessor of such School District and was an attempted employment of Marquess by such School District involving the expenditure of public funds for an unauthorized purpose, and the trial court erred in holding such contract to be legal and valid. The appellants in their brief under this point rely upon the case of Marquart v. Harris County et al., Tex.Civ.App., 117 S.W.2d 494. In that case the Galveston Court of Civil Appeals, in passing on a contract between the commissioners' Court and the firm of Freese & Nichols, held that the contract by which the Court attempted to employ private individuals for the purpose of valuing the entire taxable property of Harris County, superseded the powers, duties and functions of the Tax Assessor and Collector and such contract therefore involved an expenditure of public funds for an unauthorized purpose. Application for writ of error was dismissed by the Supreme Court. Under the testimony in this record the Marquess Company worked with the Tax Assessor and Collector of the School Board. They did not value the land in the School District but did make an appraisal of the improvements on the land. This contract did not obligate the Marquess Company to secure information as to whether any property had been rendered for taxation or not. It was not the type of contract which is commonly referred to as a

"tax ferret contract". The contract does not disclose the intent of either party that the work to be done by the Marquess Company should be done to the exclusion of the Board's Tax Assessor and Collector. There is nothing in the contract which indicates an intention to confer any powers of the Tax Assessor upon the Marquess Company and it is apparent from the testimony that no powers of the Assessor and Collector were conferred exclusively upon the Marquess Company. We believe the question of validity of this contract is governed by the case of Roper v. Hall, Tex.Civ.App., 280 S.W. 289, and hold that the making thereof was within the implied powers of the trustees of the School District.

It may be conceded, however, that the language of the contract which is the subject of this litigation may seem to place it within the scope of the opinion in Marquart et al. v. Harris County, supra, and if such expression in that opinion is the law such a contract might be illegal and void. We are not convinced, however, that this contract contains the vices in its terms and intendments as that one which was condemned in Marquart v. Harris County, supra, and do not accept it as a final authority requiring a holding here that this contract is void.

■■ The judgment of the trial court dissolving the temporary injunction must be affirmed, however, for another reason. The appellees in their answer to the injunction suit also pleaded quantum meruit and alleged and proved that the School District had received the full benefit of the Company's work and services, that the value of work was at least $2,044 and prayed that in the event the contract should be held void that Marquess should be paid the reasonable value for services rendered. It seems to be well established that when a county or a municipality receives benefits under an illegal contract, it will be held liable on the implied contract for the reasonable value of benefits received; that common honesty and fair dealing require that a county or a municipality should not be permitted to receive benefit of money, property or service without paying just compensation therefor. This rule undoubtedly applies to School Districts and other tax gathering bodies. See Waller County v. Freelove, Tex.Civ.App., 210 S.W.2d 602; City of Houston v. Finn, 139 Tex. 111, 161 S.W. 2d 776.

The judgment of the trial court is affirmed.

COE, C. J., disqualified and not sitting.