**TEAGUE INDEPENDENT SCHOOL DIST.**
**et al. v. MASON et al.**

**No. 2920.**

Court of Civil Appeals of Texas.
Waco.

Sept. 28, 1950.

Rehearing Denied Oct. 19, 1950.

Bowlen Bond, Teague, for appellants.

Bradley & Geren, Groesbeck, W. W. Mason, Mexia, for appellees.

HALE, Justice.

This suit is grounded upon the asserted rights of appellees with respect to their claim for compensation on account of legal services rendered by them in behalf of Luna Common School District No. 25 of Freestone County, Texas, hereafter referred to as the Luna District. A correct disposition of the appeal turns upon whether or not the asserted claim rests upon a valid and enforceable obligation of the Luna District and if so as to whether the Teague Independent School District of Freestone County, hereafter referred to as the Teague District, is legally liable to appellees for the discharge of such obligation.

On July 6, 1949, the County School Trustees of Freestone County, hereafter referred to as the County Board, entered an order classifying the colored school of the Luna District as a no-grade school for the ensuing scholastic year. After conferring

with appellees relative to the legality of the foregoing order, the Trustees of the Luna District retained the legal services of appellees for the purpose of representing them in such litigation as might be deemed necessary to enable them lawfully to operate the colored school within their district during the coming school year. At that time the Trustees had expended all of the tax funds available or to become available to the Luna District for the School year which was to end on August 31, 1949, with the exception of $28.44 then on hand. The Trustees agreed verbally with appellees that an attorneys' fee in the sum of $600 would be paid to them, such payment to be evidenced by a voucher to be drawn against the contemplated tax revenues which the Trustees reasonably anticipated would accrue and become available to the Luna District during the school year to begin on September 1, 1949.

In pursuance of the foregoing verbal agreement, appellees instituted a suit in the court below on July 27, 1949, seeking injunctive relief on behalf of the Luna District against the enforcement of the prior order of classification of its colored school by the County Board. A plea in abatement was sustained to this suit and on August 5, 1949, appellees filed another suit seeking for the Luna District substantially the same character of general relief as that sought in the first suit. Although the trial court expressly found in connection with the trial of the second suit that the order of the County Board in classifying the colored school of the Luna District as a no-grade school was without authority of law and void, the Court refused to grant the injunctive relief sought because, among other reasons, the complainants had an adequate remedy at law. Appellees then filed a third suit on behalf of the Luna District against the County Board and others, whereby they sought the issuance of a mandamus to require the operation of a grammar school for the colored scholastics within the District. This suit was decided adversely to the Luna District on October 27, 1949. In addition to the three suits thus instituted and prosecuted in the court below, appellees made several trips to Austin where they conferred with officials of the State Department of Education concerning the matters in controversy between the Luna District on the one hand and the County Board, the County Superintendent and the Trustees of the Teague District on the other hand. It appears that in each instance the officials of the State Department of Education ruled in favor of the contentions asserted on behalf of the Luna District. Appellees gave notice of appeal on behalf of the Luna District at the time when judgment was rendered against the District on October 27, 1949, but the contemplated appeal was thereafter abandoned for reasons which were deemed sufficient to warrant such action.

On August 13, 1949 the Trustees of the Luna District issued and delivered to appellees a voucher payable to their order in the sum of $600, drawn on the County Depository. This voucher was issued to compensate appellees for the legal services rendered and to be rendered by them in accordance with the verbal agreement evidencing their employment. On October 14, 1949 an election was held for the purpose of determining whether the qualified voters to be affected thereby favored the annexation of the Luna District to the Teague District. A majority of the qualified voters were favorable to the proposed annexation and thereupon the Trustees of the Teague District assumed the duty of providing educational facilities for the scholastics of the Luna District during the current school year and took over the assets belonging to the latter District, including the tax revenues which became or would have become available to the Luna District during the remainder of that scholastic year. On or about February 1, 1950, after appellees had fully performed the legal services contemplated under their contract of employment, they presented their voucher to the County Superintendent of Public Instruction of Freestone County for approval. The County Superintendent refused to approve the voucher and upon appeal therefrom the County Board, by order duly entered in the minutes of its proceedings on March 1, 1950, likewise refused payment of the same. The payment of

the claim was also refused by the Trustees of the Teague District.

Appellees then institued this suit against the County Superintendent, the County Board and the Teague District, alleging the substance of the foregoing facts and praying for (1) the issuance of a writ of mandamus ordering the County Superintendent and the County Board to approve the voucher, and (2) the rendition of judgment in their favor against the Teague District for the amount of their claim in the sum of $600. The case was tried in the court below without a jury and resulted in judgment as prayed for by appellees. All of the defendants in the trial court have appealed.

### Opinion.

Under appropriate points in their joint brief, appellants say in effect that the court below erred in granting the mandamus sought and in rendering judgment against the Teague District because the claim asserted by appellees was not based upon a valid or enforceable obligation of the Luna or Teague District. They contend, as we understand their brief, that the debt sued upon was created and accrued, if at all, during the scholastic year which ended on August 31, 1949, and since the Luna District did not have sufficient available funds from that year with which to discharge and pay off such indebtedness its Trustees were without lawful authority, under the provisions of art. 2749 of Vernon's Tex.Civ. Stats., to employ the legal services of appellees or to issue the voucher which was issued. Therefore, they insist that the claim sued upon was and is void, invalid and unenforceable. In support of their contentions they cite, among others, the following cases: Collier v. Peacock, 93 Tex. 255, 54 S.W. 1025, Id., Tex.Civ.App., 55 S.W. 756; Warren v. Sanger Independent School District, 116 Tex. 183, 288 S.W. 159; Templeman Common School Dist. No. 1 of Brazos County v. Boyd B. Head Co., Tex.Civ.App., 101 S.W.2d 352; Stewart v. Newton Independent School Dist., Tex.Civ.App., 153 S.W.2d 270.

Art. 2749 of Vernon's Tex.Civ. Stats. provides in part that trustees of common school districts shall have the management and control of the public schools in their district, including the right to determine how many schools shall be maintained therein, subject to the further proviso "that the trustees, in making contracts with teachers, shall not create a deficiency debt against the district." The obvious purpose of the foregoing proviso was to prevent the trustees from resorting to the disastrous practice of deficit spending. In order to give effect to that laudable purpose our courts have held that the provisions of this statutory inhibition are applicable by implication to the creation of debts generally, whether evidenced by contracts with teachers or other persons, and that school trustees have no legal authority as a general rule to create any indebtedness in the operation of their schools which cannot be liquidated by the application of the available school funds of the district for the scholastic year in which the debt arises. However, we do not think the statutory provisions here under consideration or the holding in any of the above cited cases sustain the contentions urged by appellants, for reasons which we shall note briefly.

In the first place, we are of the opinion that the action of the Trustees of the Luna District in retaining the legal services of appellees and in issuing a voucher to them, under all the facts and circumstances shown by the evidence in this case, did not amount to the creation or attempted creation of a "deficiency debt" within the meaning of art. 2749 of Vernon's Tex.Civ.Stats. The verbal contract of employment, when originally entered into, was wholly executory. Although no time was agreed upon as to when the Trustees would issue their voucher to appellees, it was understood, in effect, that the voucher would not be presented for approval and payment until some time after September 1, 1949. No time was fixed within which appellees were to institute or terminate the litigation which they were employed to prosecute. In the very nature of the employment, the duration of the services to be rendered by appellees was necessarily indefinite and uncertain. Fur-

thermore, the controversy giving rise to the contract of employment and the legal services to be rendered in connection therewith did not relate in any wise to the operation of the colored school of the Luna District during the scholastic year which was to end on August 31, 1949; but such controversy and the contemplated services to be rendered under the contract related to the maintenance and operation of such school during the scholastic year which was to begin on September 1st, that being the school year within which appellees were to be paid for their services. Therefore, we hold that the claim of appellees as evidenced in part by the voucher here sued upon was based upon a valid and legal contract between appellees and the Trustees of the Luna District. Crosby v. P. L. Marquess & Co., Tex.Civ.App., 226 S.W.2d 461, pt. 1, er. ref. n. r. e.

■ Moreover, appellees alleged and proved in substance on the trial of this case that the Luna District had accepted and received the benefit of their legal services which were of the reasonable value of $600. They prayed that if the contract of employment declared upon should, for any reason, be held illegal, then in that event they be allowed a recovery under their plea of quantum meruit for the reasonable value of the services so rendered by them. Consequently, it appears to us that the Luna District was legally obligated to compensate appellees out of proper available tax revenues for the reasonable value of the services rendered by them, even though the contract declared upon be regarded as an attempt on the part of the Trustees of the Luna District to create a deficiency debt in violation of statutory law. Sluder v. City of San Antonio, Tex.Com.App., 2 S.W.2d 841; Carlile v. Bradley, Tex.Civ.App., 223 S.W.2d 564; Crosby v. P. L. Marquess & Co., Tex.Civ.App., 226 S.W.2d 461, pts. 3 and 4 and authorities, er. ref. n. r. e.

■ In connection with the proceedings by which the Luna District was annexed to the Teague District, an election was held within the newly created district by which it was determined that the latter would assume the outstanding bonded indebtedness of the former. The evidence in the case was sufficient to warrant the trial court in finding that it was the intention of the Trustees of the Teague District, in taking over the assets and tax revenues accruing to the Luna District during the scholastic year beginning on September 1, 1949, to assume the payment of all legal, outstanding, current debts, if any, of the Luna District. But regardless of what the intention of any interested party might have been in the transaction, it is clear to us that the funds derived from taxes levied and collected for the purpose of operating and maintaining the schools within the Luna District during the scholastic year beginning on September 1, 1949 and thereafter delivered to and now being held by the Trustees of the Teague District, are justly subject to the payment of the debt here sued upon. By accepting and retaining such funds under all the circumstances shown by the evidence in this case, we are of the opinion that the Trustees of the Teague District are and in good conscience ought to be estopped from denying liability to appellees for a discharge of the legal obligation upon which this suit is based.

Accordingly, all of the points in the brief of appellants are overruled and the judgment appealed from is affirmed.