G. B. WHITNEY, Appellant,

v.

The CITY OF TERRELL, Texas, Appellee.

No. 3259.

Court of Civil Appeals of Texas.

Waco.

April 21, 1955.

Rehearing Denied May 19, 1955.

Jones & Morris, Fort Worth, for appellant.

W. N. Barnes, Frank H. King, Terrell, for appellee.

HALE, Justice.

■ This appeal is from a judgment of dismissal rendered in the court below solely upon the pleadings of the parties without the hearing of any evidence. A correct disposition of the appeal turns upon whether the facts alleged in appellant's petition were insufficient as a matter of law to state any cause of action against appellee. If so, the judgment appealed from should be affirmed; otherwise, it should be reversed.

Appellant, as plaintiff in the trial court, brought the suit against appellee on October 28, 1953 for the recovery of $4,400 alleged to be due him, and for a reasonable attorney's fee in the additional sum of $1,750. As grounds of the recovery sought, he alleged in his original petition that during the month of September, 1949, he entered into a written contract with appellee, a copy thereof being attached to his petition, whereby he agreed to furnish to appellee certain services and assistance in the assessment and valuation of land, buildings, public utilities and industrial properties within the city limits of Terrell, Texas, as fully described in the contract; that in consideration of such services, appellee agreed to pay him $7,400, payable at the times and in the amounts therein specified; that he fully performed all obligations required of him by the terms of the contract, in that he rendered the services set forth in detail in his petition; and that appellee had paid to him the sum of $3,000 on the contract, had accepted and retained the benefit of all the services which he had rendered in the performance thereof, but had failed and refused to pay him the balance due and payable thereon, to his damage in the sum of $4,400. He also alleged that because of the foregoing facts, appellee had been unjustly enriched to the damage of appellant for the reasonable value of the services so rendered by him and received and retained by appellee, and that appellee was therefore liable to him for the reasonable value thereof, the same being $4,400. Appellant further alleged that on June 26, 1950, he had presented the foregoing claim to appellee but such claim had not been paid or satisfied, that appellant was being represented in his suit by an attorney, and that a reasonable amount as and for attorney's fees in the case was $1,750.

Appellee answered appellant's petition with certain exceptions, a general denial, a special denial that appellant had performed and delivered to it the services and properties contracted for, a special denial that it had accepted and retained the benefit of the services of appellant as alleged in his petition, by certain affirmative defenses, and by a cross action wherein it sought to recover judgment against appellant in the sum of $3,000 which it alleged it had wrongfully paid to him under the contract. One of appellee's special exceptions to appellant's original petition was, "because the same is insufficient in law and states no cause of action, in that the contract sued upon is ultra vires and is void from its inception." Appellee also excepted to appellant's original petition "in which plaintiff sues for attorney's fees in the sum of $1,750.00 because the same is insufficient in law and states no cause of action, since this suit is a suit on a written contract."

The judgment appealed from recites that appellee's special exceptions to appellant's

original petition, as above quoted, were each sustained and decrees "that Plaintiff's cause of action be dismissed and that the Defendant's cross action against the Plaintiff be dismissed." Although the judgment recites that "both plaintiff and defendant gave notice in open court of appeal to the Court of Civil Appeals", the record does not disclose that appellee perfected any appeal from the judgment of the court dismissing its cross action, and it has not assigned any error in its brief for our consideration.

Appellant says the trial court erred in sustaining each of appellee's special exceptions and in dismissing his cause of action. He asserts that the court erred in dismissing his cause of action because (1) the contract sued upon by him was not ultra vires and void, but (2) even though such contract were void, he would be entitled to recover for the reasonable value of the services rendered by him and accepted by appellee under the doctrine of quantum meruit. He also says he was entitled under the terms of art. 2226 of Vernon's Tex.Civ. Stats. to recover a reasonable attorney's fee in this suit, regardless of whether the amount of his claim was to be measured by the terms of the written contract or the reasonable value of the services he had rendered. On the other hand, appellee says "the contract was ultra vires, void and illegal for the reason that same is a tax-ferret contract; that it encroaches upon the duties of the office of Tax Collector and Assessor of said City of Terrell and the Equalization Board of said City of Terrell."

The preamble to the contract attached to appellant's petition sets forth the names of the contracting parties, referring to appellee as party of the first part and to appellant as party of the second part, and recites the date upon which the City Commission of appellee passed and adopted a resolution authorizing its proper officers to enter into the contract. The first paragraph in the contract reads as follows: "In consideration of the monies paid, and to be paid, by the party of the first part to the party of the second part, according to the provisions and terms herein set forth, the party of the second part agrees to furnish to the party of the first part, its tax assessor and his deputies, and its Board of Equalization, expert assistance in the assessment of land, buildings located thereon, public utilities and industrial properties within the city limits of Terrell, Texas, such services being more particularly described as follows:" The contract then proceeds with numerous paragraphs and sub-paragraphs grouped under seven numbered subjects as follows: 1. Land; 2. Building and Improvements; 3. Exempt Land and Buildings; 4. Public Utilities and Industrial Properties; 5. Maps; 6. General; and 7. Payment.

■■ The dominant purpose of the contract in its entirety is clearly and succinctly stated in the first paragraph thereof which we have quoted. We find no substantial conflict between the broad provisions contained in the first paragraph of the contract and the specific provisions set forth in detail under each of the succeeding seven numbered subjects covered therein. This contract does not bear any provision whatsoever for the collection of delinquent taxes. It is not an illegal " 'tax ferret contract,' " such as that which was involved in White v. McGill, 131 Tex. 231, 114 S.W.2d 860, 861. We find no provision in the same which, in our opinion, encroaches upon the duties of the tax collector and assessor of the City of Terrell and the Board of Equalization. We find no provision therein which would authorize appellant to usurp any of the official privileges or obligations of the tax assessor-collector, or of the Board of Equalization. It appears in the first paragraph of the contract, and intermittently throughout all of the remaining portions thereof, that appellant was being employed to render expert assistance to appellee's tax assessor and his deputies and to appellee's Board of Equalization, and not to supersede such officials in the discharge of their duties. Consequently, we do not think the case of Marquart v. Harris County, Tex. Civ.App., 117 S.W.2d 494, (er. dis.) relied upon by appellee, is applicable to the contract before us.

Appellee is a "home rule" city and under art. XI, § 5 of the Vernon's Ann. St. Constitution of Texas, and art. 1175 of Vernon's Tex.Civ.Stats., it is vested with full power of self-government, including the express power to levy, assess and collect such taxes as may be authorized by law or its charter. We think the broad power thus expressly vested in home rule cities carries with it the implied power and authority to employ technical experts to furnish expert assistance to their tax assessors and collectors and to their Boards of Equalization in the complicated matter of arriving at a reasonable basis for the equalized valuation of taxable properties. Such being the sole purpose of the contract before us, we think it was and is valid and enforceable. Roper v. Hall, Tex.Civ.App., 280 S.W. 289; Crosby v. P. L. Marquess & Co., Tex.Civ.App., 226 S.W.2d 461, (er. ref. n. r. e.).

But even though it should be held as a matter of law that the contract here sued upon was ultra vires, void and illegal, we are of the definite opinion that the court below erred in dismissing appellant's asserted cause of action, for the reason that appellant alleged as a ground of the recovery sought by him that appellee had received the benefit of the services he had rendered under the contract and he sued for the reasonable value thereof. Sluder v. City of San Antonio, Tex.Com.App., 2 S.W. 2d 841; Crosby v. P. L. Marquess & Co., 226 S.W.2d 461, (er. ref. n. r. e.); Teague Independent School Dist. v. Mason, Tex. Civ.App., 233 S.W.2d 176, (er. ref. n. r. e.).

In the case of Sluder v. City of San Antonio, supra [2 S.W.2d 842], the Court said: "Where a county or municipality receives benefits under a contract, illegal because not made in conformity with the Constitution or statute of the state, or charter provision of the city, it will be held liable on an implied contract for the reasonable value of the benefits which it may have received. In other words, while such contracts are void, and no recovery is permitted thereon, our courts hold that common honesty and fair dealing require that a county or municipality should not be permitted to receive the benefit of money, property, or services, without paying just compensation therefor."

It is elemental that in passing upon the sufficiency of the pleadings of a complaining party to state a cause of action against his adversary, it must be presumed that the allegations of fact contained in the pleadings of the complaining party are true. We have no doubt that if, upon a trial of this case on its merits, appellant is able to establish by competent evidence all of the material facts alleged in his petition, he will be entitled as a matter of law to a recovery against appellee, regardless of whether he may or may not be entitled to recover any additional sum as a reasonable attorney's fee.

Because we have concluded that the facts alleged in appellant's petition were sufficient to state a cause of action against appellee, the judgment of the court below is reversed and the cause is remanded for a trial on its merits.