

# THE ATTORNEY GENERAL
## OF TEXAS

February 28, 1989

JIM MATTOX
ATTORNEY GENERAL

Mr. Sam H. Smith
Executive Director
Board of Tax Professional
  Examiners
P. O. Box 15920
Austin, Texas 78761-5920

Opinion No. JM-1025

Re: Whether a taxing unit may contract with a private firm to perform all tax assessment and collection functions (RQ-1500)

Dear Mr. Smith:

On behalf of the Board of Tax Professional Examiners you inquire about the authority of a taxing unit to contract with a private firm for performance of all its property tax assessment and collection functions, including collection of current as well as delinquent property taxes. Your specific question is as follows:

> Is it legal under the State Constitution and State law for a taxing unit not to employ a tax assessor/collector or collector, or to employ one who bears that title but does not exercise position responsibilities enumerated in the Tax Code, and, instead, contract with a private firm for performance of all functions related to the assessment and collection of property taxes, or related to the collection of both current and delinquent property taxes?

Your question involves the construction of certain provisions of the Property Tax Code, which was enacted in 1979 as Title 1 of the Tax Code. See Acts 1979, 66th Leg., ch. 841, at 2217. As you state in your request letter, section 6.30(c) of the Property Tax Code provides that the "governing body of a taxing unit may contract with any competent attorney to represent the unit to enforce the collection of delinquent taxes." This statute authorizes taxing units to contract for delinquent tax collections, assuming compliance with the statute. We will therefore not specifically discuss contracts authorized by section 6.30(c). Since your major concern appears to be the absence

of provisions authorizing a taxing unit to delegate the assessment of taxes and the collection of current taxes to a private firm, we will not specifically discuss delinquent tax collections.   See generally Attorney General Opinion JM-1015 (1989).   You ask a general question without reference to a specific contract.   Our response will necessarily also be generalized and will not address or approve any specific contract or contract provision.

A "taxing unit" subject to the property tax provisions of the Tax Code is defined to mean

> a county, an incorporated city or town (including a home-rule city), a school district, a special district or authority . . . or any other political unit of this state . . . that is authorized to impose and is imposing ad valorem taxes on property even if the governing body of another political unit determines the tax rate for the unit or otherwise governs its affairs.

Tax Code § 1.04(12).   The Tax Code also provides the following definitions of "assessor" and "collector":

> (14) 'Assessor' means the officer or employee responsible for assessing property taxes as provided by Chapter 26 of this code for a taxing unit by whatever title he is designated.

> (15) 'Collector' means the officer or employee responsible for collecting property taxes for a taxing unit by whatever title he is designated.

Id. § 1.04(14), (15).   Collection duties are set out in chapter 31 of the Tax Code.

As can be seen from the definition of taxing unit quoted above, several kinds of political subdivisions are taxing units.   Tax Code provisions establish who will serve as tax assessor-collector for each category of political subdivision.   The assessor-collector for a county is determined as provided by article VIII, sections 14, 16, and 16a, of the Texas Constitution.   Tax Code § 6.21.   The assessor and collector for a home-rule city is determined by the city's charter and ordinances.   Id. § 6.22(b).   The assessor and collector for a taxing unit other than a county or a

home-rule city is determined by  the law creating the  unit.
Id. § 6.22(a).

Since you have  not stated which  taxing units you  are
concerned about,  we  will  discuss  counties,  independent
school districts, and  home-rule cities.   These are    three
important classes of taxing  units and the legal  provisions
which determine the tax assessor-collector for each one  are
different enough to merit separate discussion.  Our  discus-
sion of these  three taxing  units will also  assist you  in
answering your question in  relation to other taxing  units.
We will first address your  question in terms of the  county
tax assessor-collector, who holds a constitutional office.

Article VIII,  section 14,  of the  Texas  Constitution
provides in part:

> Except as provided in  Section 16 of  this
> Article,  there  shall  be  elected  by  the
> qualified voters of each county, an  Assessor
> and Collector of  Taxes, who  shall hold  his
> office for four years and until his successor
> is elected and qualified . . . .

Article VIII, section 16,  of the constitution  excepts
counties of  under  10,000 inhabitants  from article  VIII,
section 14, providing that the  county sheriff shall be  the
assessor and collector of taxes.  Article VIII, section 16a,
establishes a procedure whereby the voters in such  counties
may decide to have  an elected assessor-collector of  taxes.
The county  tax  assessor-collector  is  a  public  officer.
Wilson v.  Galveston  County Central  Appraisal  Dist., 713
S.W.2d 98 (Tex.  1986);  Green  v. Stewart,  516 S.W.2d  133
(Tex.  1974);  see, e.g.,  Attorney General  Opinions  H-1120
(1978); M-986  (1971).   He  holds office  for  four  years,
subject  to  removal  for  cause  under  constitutionally
authorized procedures.  Tex.  Const. art.  V,  § 24;  Local
Gov't Code  § 87.012(11).  To  qualify for  office, he  must
give bonds  to  the state  and  county, conditioned  on  the
faithful performance of his duties.  Tax Code § 6.28(a).  He
is otherwise accountable  for his performance  in office  to
the voters, and not to the commissioners court.

The commissioners court  may not take  action which  in
effect abolishes the constitutional office of the county tax
assessor-collector.  A  constitutional  office  may  not  be
abolished without constitutional authorization.  Moncrief v.
Gurley, 609 S.W.2d 863  (Tex. Civ. App.  - Fort Worth  1980,
writ ref'd  n.r.e.);  Cowell  v. Ayers,  220 S.W.  764  (Tex.

1920); Attorney General Opinion MW-59 (1979). See generally Tex. Const. art. XVI, § 44(e) (office of county surveyor may be abolished in certain counties and commissioners court may employ or contract with a qualified person to perform surveyor's functions). Nor may the commissioners court replace the county tax assessor-collector by contracting with a private firm. See City of Corpus Christi v. Mireur, 214 S.W. 528 (Tex. Civ. App. - San Antonio 1919, writ ref'd) (dicta stating that a corporation could not be appointed to and exercise the powers of an office); Attorney General Opinion H-946 (1977) (county hospital required by statute to appoint a "superintendent" may not employ management firm as superintendent); Letter Advisory No. 120 (1977) (hospital may not appoint husband and wife team as superintendent).

The commissioners court, moreover, may not remove all functions related to the assessment of property taxes and the collection of current taxes from the tax assessor-collector and leave him with only his title. Chapter 151 of the Local Government Code provides for the employment of persons to assist county officers in performing their duties. A county officer who requires the services of deputies, assistants, or clerks in the performance of his duties "shall apply to the commissioners court" for authority to appoint the employees. Local Gov't Code § 151.001(a). The commissioners court by order shall determine the number of employees that may be appointed and authorize their appointment, and the officer applying for the employees may thereafter appoint them. Id. §§ 151.002, 151.003. Section 151.004 of the Local Government Code provides that:

> The commissioners court or a member of the court may not attempt to influence the appointment of any person to an employee position authorized by the court under this subchapter.

See also Local Gov't Code § 151.901 (commissioners court may enter an order to employ and compensate secretarial personnel for district, county, or precinct officer).

In counties in which a civil service system has been established under chapter 158 of the Local Government Code, the head of each department may assume responsibility for selecting the persons who are employees of that department. Local Gov't Code § 158.010. See Local Gov't Code § 158.001 ("department" defined to include county officer that has jurisdiction and control of performance of employees'

official duties).  See generally Green v. Stewart,  supra, (discussing application of civil service provisions to county tax assessor-collector's employees).  Thus, authority to choose the employees who assist the county tax assessor-collector in performing his duties is vested in that officer, and not in the commissioners court.

The commissioners court may not usurp the county tax assessor-collector's duties by attempting to assign them to persons under its control.  The Texas Supreme Court, in considering whether the commissioners court could contract with a private evaluation expert to appraise all property in the county, decided that the court could retain expert advice to assist it in carrying out its own responsibilities when meeting as the board of equalization.  Pritchard & Abbott v. McKenna,  350 S.W.2d  333 (Tex.  1961).  See Tex. Const. art. VIII, § 18 (1876, amended 1980).  In determining that the commissioners court had not usurped the powers of the tax assessor-collector,  the court,  however, stated  as follows:

> We quite agree that the County Commissioners Court is not charged with the management and control of all of the County's business affairs.  Each of the various elected officials, including the Assessor-Collector, has the sphere that is delegated to him by law and within which the Commissioners Court may not interfere or usurp.  (Emphasis added.)

350 S.W.2d at 335 (dicta).

Chapters 26 and 31 of the Tax Code set out the statutory duties of the tax assessor-collector.  The commissioners court has no authority to delegate the tax aassessor-collector's powers and duties to another person or to a private firm, by contract or otherwise.  See Cameron County v. Rivera,  Docket No. 13-87-449-CV, Tex. App. - Corpus Christi,  Nov. 23, 1988 (unreported) (commissioners court interfered with county clerk's exclusive statutory duty to record its proceedings by appointing another person to this duty).  See also Attorney General Opinions JM-911 (1988) at 17 (legislature may not delegate "core functions" of county treasurer's office to other officers); JM-833 (1987) (limits on legislative power to divest the county tax asessor-collector of duties respecting the assessment and collection of county taxes).  But see Attorney General Opinion H-80 (1973) (questioning whether county tax

assessor-collector had implied authority to contract independently with individuals or private appraisal firms for assistance).

We next consider the Education Code provisions which provide for the assessment and collection of taxes for an independent school district. Chapter 23, subchapter F, of the Education Code sets out the procedures whereby the board of trustees of an independent school district is to choose a tax assessor-collector. Section 23.93 of the Education Code states as follows:

> (a) The board of trustees of any independent school district may appoint an assessor-collector of taxes for the district. The appointment shall be for a term not to exceed three (3) years as determined by the board.
>
> (b) - (d) [repealed]
>
> (e) The assessor-collector for such service shall receive such compensation as the board of trustees may allow, not to exceed four percent of the total amount of taxes received by him. (Emphasis added.)

Educ. Code § 23.93.

Other provisions of subchapter F authorize the board of trustees to have taxes collected by the county tax collector or the tax collector of a city wholly or partly within the limits of the school district, and, in the case of an independent school district located within the boundaries of an incorporated city, to permit the city tax assessor and tax collector to act as its tax assessor and tax collector. Educ. Code §§ 23.95; 23.96. See also Educ. Code § 23.97 (school districts may cooperate to appoint same person as assessor-collector for all the districts).

In some taxing units, the tax assessor-collector will be an officer, while in others he will be an employee. See Tax Code § 1.04(14), (15); Attorney General Opinion JM-499 (1986) (tax assessor-collector of school district and water control and improvement district is an employee and not a civil officer of emolument within article XVI, section 40, of the Texas Constitution). The school tax assessor-collector is "an agent or employee of the Board to discharge the clerical duties necessary to carry out the school Board's powers of taxation." Aldine Indep. School Dist. v.

Standley, 280 S.W.2d 578, 583 (Tex. 1955). Subchapter F of the Education Code contemplates that the school district tax assessor-collector will be a natural person accountable to the board as an employee, and not a private firm under contract with the board. Section 23.93(a) of the Education Code authorizes the appointment of a tax assessor-collector. "Appointment" is defined as the "designation of a person . . . to fill an office or public function and discharge the duties of the same." Black's Law Dictionary 91 (5th ed. 1979). Section 23.93(e) refers to the assessor-collector by the personal pronoun "him," further indicating that a natural person is meant. Finally, section 23.97 of the Education Code, which authorizes two or more independent school districts to appoint the same person as assessor-collector for all the districts, includes the following provision:

> (e)  If the assessor-collector selected is a regularly licensed attorney, the participating boards of trustees may by agreement include in his duties the collecting of delinquent taxes . . . .

Educ. Code § 23.97(e).  Only a natural person may be a licensed attorney.  See Gov't Code §§ 82.004, 82.023-82.030.

The Tax Code contemplates that the tax assessor-collector for a taxing unit, including a school district, will be responsible in his own right for the assessment and collection of taxes.  Section 6.23 of the Tax Code provides as follows:

> (b)  The assessor and collector for a taxing unit other than a county shall assess, collect, or assess and collect taxes, as applicable, for the unit.

Section 6.29 imposes a bonding requirement on the tax collector:

> (a)  A taxing unit, other than a county, that has its own collector shall require him to give bond conditioned on the faithful performance of his duties.

These Education Code and Tax Code provisions demonstrate that the tax assessor-collector for an independent school district will be a natural person who will be ultimately responsible for performing his statutory duties.

It would be contrary to these provisions for the board of trustees to delegate to a private firm all authority and responsibility for carrying out assessment and collection functions, whether the board contracts with a private firm instead of appointing a tax assessor-collector, or appoints a tax assessor-collector while attempting to transfer his statutory powers and duties to a private firm.

The Tax Code and Education Code provisions we have discussed would not, however, prohibit the board of trustees of a school district from contracting with a private firm to provide ministerial and clerical assistance to the appointed tax assessor-collector under his control and supervision. Moreover, we believe that the board of trustees has implied authority to contract for clerical and ministerial assistance for its assessor-collector.

The trustees of a school district "have the exclusive power to manage and govern the public free schools of the district." Educ. Code § 23.26(b). They are empowered to "levy and collect taxes," Educ. Code § 23.27, and to appoint an assessor-collector of taxes who is their agent and employee. Educ. Code § 23.92; see Aldine Independent School Dist. v. Standley, supra. Implicit in this statutory authority is the authority to hire other people to assist in the ministerial and clerical work of tax assessment and collections. The courts have held that a school board may contract with a private firm to provide this assistance.

In Crosby v. P. L. Marquess & Co., 226 S.W.2d 461 (Tex. Civ. App. - Beaumont 1950, writ ref'd n.r.e.), the court held that the trustees of a school district had implied authority to contract with a private company to appraise improvements on land for tax purposes. 226 S.W.2d at 464. It found nothing in the contract indicating an intent to confer any powers of the tax assessor upon the company. In Attorney General Opinion V-1054 (1950) this office, relying on Crosby, determined that the board of trustees of a school district had implied authority to contract with a private company to compile and record information relating to the appraisal and valuation of property for the district's use in assessing and collecting ad valorem taxes. See generally Attorney General Opinion V-966 (1949) (reconsidered and overruled by Attorney General Opinion V-1054). The Texas Supreme Court subsequently ruled that the commissioners court had implied authority, based on its duty to act as the county board of equalization, to contract with a private firm to appraise all property in the county. Pritchard & Abbott v. McKenna, 350 S.W.2d at 334.

We note that school districts, as taxing units, have certain specific authority to contract for assistance in tax assessment and collections. Section 6.24 of the Tax Code permits contracts between taxing units for the performance of duties relating to the assessment or collection of taxes. See also Educ. Code § 23.96 (assessment of school district taxes by tax assessor and collector of municipality in which school district is located).

Although the legislature has granted school districts some express authority to contract with other taxing units for assistance in tax assessment or collection, it has not necessarily banned similar contracts between a school district and a private entity. Attorney General Opinion V-1054 (1950), in holding that a school district had implied authority to contract with a private company for information on the appraisal and valuation of property, expressly reconsidered and overruled an opinion holding to the contrary. See Attorney General Opinion V-966 (1949). The holding of the prior opinion had been undermined by Crosby, supra. Attorney General Opinion V-1054 at 5.

At the time Attorney General Opinion V-1054 was issued, predecessor provisions to section 6.24(a) of the Tax Code expressly authorized interlocal contracts for tax assessment and collection services under some circumstances. See, e.g., Acts 1945, 49th Leg., ch. 351, at 610 (formerly codified as V.T.C.S. art. 1066b), repealed by Acts 1979, 66th Leg., ch. 841, § 6(a)(1), at 2329 (adopting Property Tax Code). Nonetheless, the board of trustees was found to have implied authority to contract with a private entity for assistance in tax assessment and collections, and we believe it still has such implied contractual authority despite its express authority to contract with other taxing units for such assistance. A school board may therefore contract with a private firm to provide ministerial and clerical assistance to the school district's tax assessor-collector under his supervision and control.

We finally consider your question with respect to the assessment and collection of taxes by a home-rule city. Section 6.22(b) of the Tax Code provides as follows:

> The assessor and collector for a home-rule city are determined by the city's charter and ordinances.

Other provisions relevant to the tax assessor-collector for a home-rule city demonstrate that this

position must be filled only by a natural person. Section 6.23(b) of the Tax Code provides in part:

> (b) The assessor and collector for <u>a taxing unit other than a county</u> shall assess, collect, or assess and collect taxes, as applicable, for the unit. <u>He shall also assess, collect, or assess and collect taxes</u>, as applicable, for another unit . . . [under specific conditions]. (Emphasis added.)

Tax Code § 6.23(b).

Section 6.29 of the Tax Code provides in part:

> (a) A taxing unit, other than a county, that has its own collector <u>shall require him to give bond conditioned on the faithful performance of his duties</u>. . . . The governing body may require a new bond at any time, and failure to give new bond within a reasonable time after demand is a ground for <u>removal from office</u>. (Emphasis added.)

Tax Code § 6.29(a). The legislature's use of personal pronouns and its requirement of a performance bond in these provisions show its intent that the tax assessor-collector's responsibilities and duties be vested in a natural person.

Both quoted provisions apply to a "taxing unit other than a county." A "taxing unit" for purposes of the Property Tax Code is defined in part as "an incorporated city or town (<u>including a home-rule city</u>)." Tax Code § 1.04(12) (emphasis added). Thus, both provisions apply to a home-rule city and require its tax assessor-collector to be a natural person.

A home-rule city may not adopt a charter provision or an ordinance inconsistent with statute. Tex. Const. art. XI, § 5; <u>see</u> <u>City of Sweetwater v. Geron</u>, 380 S.W.2d 550 (Tex. 1964). The Property Tax Code "supersedes any provision of a municipal charter or ordinance relating to property taxation." Tax Code § 1.02. The legislature has adopted provisions demonstrating its intent that a natural person be accountable for the performance of the tax assessment and collection duties set out in the Property Tax Code. A home-rule city may not contract with a private firm to assume responsibility for those duties. It may, however,

contract with a private firm to provide clerical and ministerial assistance to the city tax assessor-collector, subject to his authority and supervision. See <u>Whitney v. City of Terrell</u>, 278 S.W.2d 909 (Tex. Civ. App. - Waco 1955, no writ). See also Tax Code § 6.29(b) (bonding requirement where taxes are collected by a person other than taxing unit's own collector).

### S U M M A R Y

The Property Tax Code requires that a natural person serve as tax assessor-collector of the taxing units subject to it. Taxing units may not delegate all responsibilities of the tax assessor-collector to a private firm. The commissioners court of a county may not choose the persons who assist the county tax assessor-collector in performing his duties. The governing body of a school district or a home-rule city may contract with a private firm to provide ministerial and clerical assistance to the tax assessor-collector under his control and supervision.

Very truly yours

J I M   M A T T O X
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General