## GRAGG v. HILL et al.

### No. 1286.

Court of Civil Appeals of Texas. Waco.

Feb. 16, 1933.

Rehearing Denied March 23, 1933.

J. A. Rauhut, Ben H. Powell, and Homer C. De Wolfe, all of Austin, for appellant.

T. R. Mears, of Gatesville, for appellees.

ALEXANDER, Justice.

In August, 1928, appellant made a contract with the trustees of the State Juvenile Training School to teach in that institution for a period of eleven months, beginning September 10, 1928, for $100 per month and his

board and laundry. He taught under said contract and received his salary therefor un-, til the 11th of February, 1929, at which time he was discharged by the board of trustees for reasons which they deem sufficient. He appealed to the state superintendent. The state superintendent had a hearing and filed his finding of fact and conclusions and in all things upheld the action of the trustees in discharging appellant. Appellant then appealed to the state board of education, and on August 10, 1929, it passed the following order: "In the case of Donald Gragg v. Board of Trustees State Juvenile Training School, Gatesville, the board voted unanimously to reverse the decision of the state superintendent and to order the salary due paid to Mr. Gragg." Appellant then applied to the trustees of the Juvenile Training School for his salary for six months at $100 per month and for the alleged value of his board and laundry at $35 per month or a total of $810. Said trustees refused to pay said claim, and appellant on the 13th day of December, 1929, filed this suit in the district court of Coryell county against said school district and the trustees thereof to recover the amount of said unpaid salary, with legal interest thereon. and for a writ of mandamus to compel said trustees to pay said sum of money. The defendants filed a plea in abatement and sought to have the suit abated because said suit was in its nature a suit against the state of Texas and plaintiff had not secured the consent of the Legislature to file said suit. In addition, the defendants filed a general demurrer and certain special exceptions and alleged, among other things, that the order of the state board of education was too indefinite to constitute a judgment and did not order the payment to plaintiff of any definite sum of money and that the plaintiff had failed to appeal from the order of the state superintendent discharging him and that said order had become final. The defendants further alleged that they had appealed and were by their answer therein appealing from the alleged order of the state board of education to the district court of Coryell county and that as a matter of fact plaintiff had breached his contract and was incompetent and was not a suitable person to discharge the duties as a teacher of said institution and had properly been discharged as such, and they prayed for a trial de novo on the issue of whether or not the plaintiff had been properly discharged as such teacher. The plaintiff filed exceptions to the answer of the defendants.

A trial was had before the court without a jury. The court overruled the plea in abatement and all exceptions, and after hearing all of the facts entered judgment for the defendants. The plaintiff appealed.

■ We must first determine what effect should be given to the decision of the state board of education. The controversy between the trustees of the training school and appellant arose over the manner in which appellant was performing his duties as a teacher. There was no dispute about his having been employed nor as to the terms of his contract. The board of trustees, in the hearing before the state superintendent, charged, among other things, that the appellant was a poor disciplinarian and failed to keep order in school; that he used unwholesome language in the presence of the pupils; and that on one occasion he left the school and remained away a day or two without obtaining the permission of his superior officers. Consequently, he was discharged. Whether or not the appellant was properly discharging his duties as a teacher, and whether or not he should have been discharged, were matters that pertained particularly to the efficient management of the school. Revised Statutes 1925, article 2656, provides: "The State Superintendent shall be charged with the administration of the school laws and a general superintendency of the business relating to the public schools of the State. * * * He shall hear and determine all appeals from the rulings and decisions of subordinate school officers, and all such officers and teachers shall conform to his decisions. Appeal shall always be from his rulings to the State Board. * * *" The question which was before the state board of education was one of fact, and not of law, relating to the internal affairs of the school and the efficient management thereof, and came within the purview of the matters committed by the Legislature to such board for its determination and was therefore within the jurisdiction of such board. Harkness v. Hutcherson, 90 Tex. 383, 38 S. W. 1120; Brazoria Ind. School Dist. v. Weems (Tex. Civ. App.) 295 S. W. 268, par. 3; McCollum v. Adams (Tex. Civ. App.) 110 S. W. 526. The decision of the state board that appellant had been improperly discharged and should be reinstated was final on that issue.

■ By the provisions of the above statute the Legislature has committed to the state superintendent, as one specially trained and experienced in school matters, the responsibility of deciding all questions relating to the internal affairs and management of the public schools of Texas. His decisions in such matters are final unless reversed by the state board of education. When an appeal is taken from his decision to the state board of education, the decision of that board becomes final and cannot and will not be interfered with by the courts unless such board acts arbitrarily or is actuated by fraud or abuses its discretion. The findings of such board on matters committed to its jurisdiction, when not arbitrary or capricious, are made prima facie true and are as binding on the courts as is the verdict of a jury, and the court will

not put itself in the position of the board and try the question anew for the purpose of testing the expediency or wisdom of the decision of the board, nor for the purpose of determining whether or not under similar testimony it would have made a similar or a different ruling. State ex rel. Marrs v. Abshier (Tex. Com. App.) 263 S. W. 263; Brazoria Ind. School Dist. v. Weems (Tex. Civ. App.) 295 S. W. 268; Donna Ind. School Dist. v. First State Bank (Tex. Civ. App.) 227 S. W. 974; Boydstun v. Ft. Worth Ind. School Dist. (Tex. Civ. App.) 33 S.W.(2d) 811, par. 2 and cases there cited; Railroad Commission of Texas v. Shupee, 57 S.W.(2d) 295, by the Austin Court of Civil Appeals.

A copy of the testimony as taken by the state superintendent and as presented to the state board of education was introduced in evidence in the trial court and is before this court for consideration. We have reviewed this evidence, and while there is testimony therein supporting each of the charges against the appellant, there is ample evidence to support a contrary decision. We therefore cannot say that the decision of the state board of education was arbitrary or that said board has abused its discretion.

▉▉ We are of the opinion that the order entered by the state board, as hereinbefore set out, was sufficiently definite in its terms as an order disposing of the matter before the board. The matter before the board was whether the teacher had been improperly discharged and whether or not he should be reinstated. The state superintendent had held that he had properly been discharged. The order of the state board reversed this decision. When construed in connection with the matters which the board had under consideration, its meaning is perfectly clear. Proceedings before boards of this kind are more or less informal and it is not necessary that the minutes of their proceedings contain all of the essential elements of a judgment in a court of law. It is only necessary that such minutes be sufficiently clear to disclose the intention of the board. Bevers v. Winfrey (Tex. Civ. App.) 260 S. W. 627, par. 5. The order entered in this instance meets all requirements. It was not necessary that such order find or adjudicate the amount of salary to be paid to appellant. This was a matter for the trial court to determine upon the trial of the suit to recover such salary, in the light of the finding that appellant had been improperly discharged.

▉▉ The trial court, in determining whether or not appellant was entitled to judgment for said unpaid salary, had before it, and was bound by, the decision of the state board of education that appellant had been improperly discharged. The decision of the state board reversing that of the state superintendent had the effect to reinstate the teacher and to make his contract good as from the beginning. Harkness v. Hutcherson, 90 Tex. 383, 38 S. W. 1120. The evidence introduced in the trial court shows without dispute that the appellant, after being discharged, was unable to secure other employment. It was admitted that he had a valid contract with the trustees for a period of eleven months at a salary of $100 per month and his board and laundry. He did not receive any compensation for the last six months of his contract. The trial court found that his board and laundry were of the reasonable value of $35 per month. It was admitted that the trustees have sufficient funds with which to pay appellant's claim. Since appellant was improperly discharged, as determined by the state board, and since he was at all times ready and willing to discharge his duties as such teacher but was denied the privilege of doing so, he is entitled to receive his unpaid salary of $810 as provided for in his contract. Since the board of trustees, after demand, refused to pay appellant's salary, and since it is admitted that they have the money with which to pay same, appellant is entitled to judgment against said district for said unpaid salary with a writ of mandamus against said trustees to compel them to issue to him a voucher for such unpaid salary. Harkness v. Hutcherson, 90 Tex. 383, 38 S. W. 1120.

▉▉ The appellees by cross-assignment complain of the action of the court in failing to sustain their plea to abate the suit because the permission of the Legislature to file such suit was not obtained prior to filing same. We do not consider such permission a necessary prerequisite to the filing of the suit. Revised Statutes, art. 2666, provides for the creation of school districts for eleemosynary institutions, and article 2667 provides that such school districts, when created, shall be controlled as far as possible by the law pertaining to independent school districts. Such district was therefore subject to suit in the same manner as any other independent school district.

The judgment of the trial court is reversed, and judgment here rendered for the appellant against said school district for the sum of $810, with legal interest thereon from the 10th day of August, 1929, and a writ of mandamus will issue against said trustees requiring them to issue to appellant a voucher for same.