### McCHAREN, Judge, et al. v. BAILEY et al.
### No. 1584.

Court of Civil Appeals of Texas. Eastland.

Oct. 18, 1935.

Tom F. Reese, of Comanche, for appellants.

Oscar Calloway and C. C. Hampton, both of Comanche, and Fred O. Jaye, of De Leon, for appellees.

GRISSOM, Justice.

D. C. Bailey, joined by other residents and taxpayers of Comanche county, Tex., brought suit for injunction against the county judge and all members of the commissioners' court, and the county treasurer of said county, alleging that the commissioners' court had entered into a contract with Wm. Boaz to pay him the sum of $400 out of the general fund for services rendered in preparing a brief and presenting it to proper authorities for a relief colony to be located in Comanche county. The appellees alleged the lack of authority of the commissioners' court to enter into said contract, that it was void, and that unless restrained said sum would be illegally paid to Wm. Boaz.

Upon a hearing the court granted a temporary injunction restraining the county judge, commissioners' court, and treasurer of Comanche county from paying the money under the contract.

The question as to whether or not a commissioners' court is authorized by law to enter into such a contract is both interesting and important. However, under the situation disclosed by the record we are not permitted to pass on such question.

The record discloses that Wm. Boaz, the person entitled to the payment of the money under said contract, if legal, although the one person most directly interested in said contract, is not a party to the injunction suit.

In the case of King et al. v. Commissioners Court of Throckmorton County et al., 10 Tex. Civ. App. 114, 30 S. W. 257, wherein King and others sought an injunction against the commissioners' court and treasurer of Throckmorton county to enjoin the issuance of bonds and warrants for the construction of a bridge by the Penn Bridge Company, it was held that the Penn Bridge Company, the payee in the warrants, issuance of which was sought to be enjoined, and in the contract for the building of the bridge, was a necessary party to such injunction suit, and that in proceeding to final judgment without making the bridge company a party defendant the court committed fundamental error.

"To a proceeding in equity it is necessary to join as parties all persons whose interests are directly or indirectly involved by the controversy." 17 Tex. Jur. § 32, p. 34; Montgomery v. Owen (Tex. Civ. App.) 37 S.W.(2d) 1107.

"Non joinder of parties necessary to a determination of the main issue is fundamental and requires either a dismissal of

the suit or a stay of proceedings until they can be brought in. The court is without authority to pass on the merits or to decide any question which may affect the rights of such necessary parties. It matters not when or how the absence of such parties becomes apparent. * * * As is observed elsewhere, want of necessary parties is fundamental and will be noticed by the appellate court, even in the absence of an assignment of error. 'The failure to make the necessary parties plaintiffs to an action on a joint contract will be considered on appeal by this court if brought to its notice, whether the defendant plead the want of parties below or not.'" 32 Tex. Jur. § 88, pp. 128–130.

"In accordance with established rules, all persons against whom the injunction must run in order to make it effective and whose interests will be injuriously affected should be made parties defendant. Thus the petition should name as defendants those persons within the state who committed the wrong complained of, or whose contract or property rights will be impaired by the injunction." 24 Tex. Jur. § 163, p. 215.

"Where the injunction in effect sets aside a contract all parties to the contract are necessary parties. Holt & Co. v. Wheeler County (Tex. Civ. App.) 235 S. W. 226.

"A teacher whose contract will be destroyed by enjoining payment of school vouchers is a necessary party to the injunction suit. County School Trustees v. Common School Dist. No. 6 (Tex. Civ. App.) 284 S. W. 306.

"The person with whom a defendant city was proposing to contract is a necessary party to an injunction against making the contract. Basham v. Holcombe (Tex. Civ. App.) 240 S. W. 691." 24 Tex. Jur. 215.

In Taxpayers' Ass'n of Harris County v. Houston Independent School District et al. (Tex. Civ. App.) 81 S.W.(2d) 815, it was held that in a suit by such association to enjoin the school district from restoring temporary emergency reduction in teachers' salaries, such teachers were necessary parties because the suit sought abrogation of provisions of the teachers' contracts contemplating restoration of original salaries when possible. Also see Glenn v. Connell (Tex. Civ. App.) 74 S.W.(2d) 451; J. H. Harper v. J. S. Garling-ton et al., 85 S.W.(2d) 1098, decided by this court September 13, 1935.

For the error discussed, the judgment of the trial court is reversed and remanded.