**SAN ANTONIO INDEPENDENT SCHOOL DIST. et al. v. STATE BOARD OF ED-UCATION et al.**

No. 10294.

Court of Civil Appeals of Texas. San Antonio.

Aug. 19, 1937.

446

C. A. Stewart, of Fort Worth, C. F. Richards and Tom Gambrell, both of Lockhart, Chas. M. Dickson, of San Antonio, and M. E. Kurth, of Houston, for appellants.

William McCraw, Atty. Gen., and Scott Gaines, Joe Sharp, and Gaynor Kendall, Asst. Attys. Gen., for appellees.

SMITH, Chief Justice.

This suit was brought by the San Antonio Independent School District, and its superintendent, J. C. Cochran, and one of its teachers, L. K. Barry, for a temporary injunction against the State Board of Education and its members. The parties will be herein designated as plaintiffs and defendants, as in the court below.

The nature of the suit is sufficiently disclosed in the following allegations taken from the first amended original petition of the plaintiffs below:

"That the reasonable cost of maintaining and supporting the public schools of the State of Texas, for not less than six (6) months in each year, is in excess of Twenty-Two Dollars, ($22.00), per capita for all children in the State of Texas within the scholastic age."

" * * * that the available State school fund, for the ensuing scholastic year, will be sufficient in amount to pay the apportionment of $22.00 per capita for each scholastic."

"That in accordance with the Constitution of Texas, the Acts of the Legislature, and more especially in accordance with Article 2665 of the Revised Civil Statutes of Texas, the defendant, State Board of Education,—on the 6th day of July, A. D. 1937, did make an apportionment for the ensuing scholastic year of the State Available School Fund among the several counties of the State, and the several cities and towns and school districts constituting separate school organizations, according to the scholastic population of each, and that said Board of Education at said meeting, based upon the estimate theretofore furnished to said Board by the Comptroller, did fix said apportionment at $22.00 per capita for each

scholastic, and did make an apportionment for the ensuing scholastic year in favor of the plaintiff, San Antonio Independent School District, of $22.00 per capita for each scholastic in said District, and, thereupon the Secretary of said Board did duly certify to the Treasurer of each separate school organization, the total amount of available State school funds so apportioned; that the scholastic population of the San Antonio Independent School District, according to the most recent census, is fifty-three thousand, nine hundred twenty-four (53,924), and that by virtue of the facts alleged, the San Antonio Independent School District is entitled to receive by way of apportionment from the State Available School Fund, for the ensuing scholastic year, a sum equal to 53,924 times 22, or the aggregate of $1,186,328.00, and that said sum is not sufficient and is wholly inadequate to maintain and support the public schools of the San Antonio Independent School District for a period of six (6) months; nevertheless, the State Board of Education has found by its order entered at its meeting on July 6, 1937, that the facts and the condition of the State Available School Fund would permit an apportionment of $22.00 per capita for each scholastic."

"Plaintiffs say that the rights of the San Antonio Independent School District, and of the other school districts in the State of Texas, in the $22.00 apportionment made by the State Board of Education on July 6, 1937, have become vested, and the Budget Officer of the San Antonio Independent School District, and all other school districts in the State of Texas, are authorized and required by the Uniform Budget Law to take into consideration said apportionment of $22.00 per capita in the preparation of the Budget of their respective districts, for the ensuing scholastic year, and that under the Constitution and Statutes of Texas it is now beyond the power of the State Board of Education to rescind, modify or change said apportionment of $22.00 per capita made by said Board on July 6, 1937, and that the proposed action of said five (5) members of said Board to reduce said apportionment, as hereinbefore alleged, is contrary to the Constitutional and Statutory rights of plaintiffs, and is arbitrary and capricious and is an attempt to take from the San Antonio Independent School District, and other school districts of Texas, monies

duly apportioned to them from the available State school fund, in accordance with the mandatory provisions of the Constitution of the State of Texas and the Acts of the Legislature, and, if said five (5) members of said State Board of Education adopt and make it appear that the State Board of Education has adopted a resolution, motion or order rescinding said apportionment of July 6, 1937, and reducing said apportionment from $22.00 per capita to some amount between $19.00 per capita and $21.00 per capita, such action will cause endless confusion and uncertainty in the operation of the public school system of Texas, and will result in irreparable injury to the plaintiffs, and others similarly situated, and will result in a multiplicity of suits, as the Comptroller will refuse to draw his warrants in favor of the Treasurer of the San Antonio Independent School District, and other school districts in the State of Texas, for an amount in excess of the reduced apportionment, if one is made by the State Board of Education, and plaintiffs say in good conscience and equity that said defendants should be enjoined from rescinding, modifying or changing, or attempting to rescind, modify or change said order of the State Board of Education, passed at its meeting on July 6, 1937, fixing and making the apportionment for the ensuing year at $22.-00 per capita for each scholastic."

In its prayer, among other things plaintiffs prayed that: " * * * pending the trial of this cause upon its merits, plaintiffs pray that a temporary injunction be issued enjoining the defendants, and each of them, from rescinding, modifying or changing—said order of the State Board of Education, fixing said per capita apportionment at $22.00."

To that petition the trial judge sustained defendants' plea to the jurisdiction, to the effect: "That although this suit is brought against the State Board of Education and the individual members of said Board in their official capacities as such, that in legal effect, and in truth and in fact, this suit is a suit against the State of Texas which cannot be maintained because there is no authority of law which would authorize the plaintiffs or either of them to bring such a suit and no permission has been given by the Legislature of the State of Texas which would authorize the plaintiffs in this case to bring and maintain such a suit."

From the resulting order of dismissal, the plaintiffs have appealed.

Our State Constitution provides that sufficient revenues shall be raised to maintain and support the public schools of the state for a period of not less than six months in each year (article 7, § 3), and that no part of the available school fund shall be diverted to any other purpose, but all of it shall be apportioned and distributed to the several counties of the state (by the State Board of Education, article 2665, R.S.1925), according to their scholastic population (Const. art. 7, § 5; article 2823, R.S.1925).

It is further provided in the Constitution that the Legislature shall provide for a State Board of Education, which shall perform such duties as may be prescribed by law (article 7, § 8).

It is provided in article 2665, R.S.1925: "The State Board shall, on or before the first day of August in each year, based on the estimate theretofore furnished said Board by the Comptroller, make an apportionment for the ensuing scholastic year of the available State school fund among the several counties of the State, and the several cities and towns and school districts constituting separate school organizations, according to the scholastic population of each; and thereupon the secretary shall certify to the treasurer of each such separate school organization the total amount of available school fund so apportioned to each, which certificate shall be signed by the president, countersigned by the Comptroller and attested by the secretary."

It is provided by statute that the available public school funds shall be covered into the state treasury as a special deposit, and shall be paid out by the state treasurer to the treasurers of the available school funds of the respective school units of the state upon warrants drawn by the state comptroller, registered by the state treasurer and transmitted to the state superintendent of public instruction, to be paid by the state treasurer in the order in which presented for payment, properly endorsed. Articles 2823, 2834, 2835, 2837, R.S.1925.

 It may be said at the outset that it is contended by plaintiffs that the provision of the statute, requiring the Board of Education to fix the apportionment on or before August 1 of each year, is mandatory, at least to the extent that when, as in this case, the board does fix the ap-

portionment by or before August 1, it cannot, after that date, rescind its action and fix another or different apportionment. We overrule this contention. The statute delegates the power exclusively to the board, to be exercised according to its judgment and discretion, under the conditions confronting it each year, and in our opinion the requirement that the board make the apportionment on or before August 1 is directory, as distinguished from mandatory, and where for any reason it fails to act before August 1, it may lawfully and effectively act within a reasonable time after that date, and may rescind, enlarge, reduce, or correct a timely apportionment, at any time which will enable the system to reasonably function in accordance with the spirit of constitutional and statutory provisions. Certainly, the board retains the power of control over the apportionment until its final action is certified to the several school units, which, it appears, has not been done in this case.

In this case it appears from plaintiffs' allegations that but for the delay occasioned by the institution of this proceeding, the board would have convened on August 2, and then and there revised its action of apportionment, which action at that time would certainly have been in substantial compliance with the requirements that the board act on or before August 1. Federal Crude Oil Co. v. Oil Co., 122 Tex. 21, 52 S.W.(2d) 56.

Defendants contend, and the trial judge concluded, that although this action was brought against the State Board of Education and its members, acting in their official capacity, the state was the real party defendant; that under the familiar and universal rule, the state may not be sued in the absence of legislative authorization, concededly absent in this case; that, therefore, the action was properly dismissed below. We sustain this contention.

■ Generally speaking, the rule is that a suit against an officer or department or agency of the state, the purpose or effect of which is to impose liabilities up-on, or enforce liabilities against, the state, is in effect a suit against the state, and therefore cannot be maintained without the consent of the sovereign, expressed through legislative action. The prohibition likewise includes actions to require state officers or agencies to perform, or refrain from performing, purely governmental functions, involving their discretion, as distinguished from private acts as individuals.

■ Applying those rules to the case made here, this suit is in reality one against the state, since its purpose and potential effect is to direct the conduct of a constitutional agency and officers in the official performance of purely governmental duties, in a matter directly affecting the fiscal liability of the state, in that, if enforced, in accordance with plaintiffs' prayer, it will prevent the Board of Education from reducing or enlarging the state's liability to the current public school fund, even though upon further consideration the board has found, or may find, that the available resources may require a reduction, or warrant an increase, in the apportionment. This being the case, it seems clear that the suit may not be maintained in the admitted absence of legislative authorization, 59 C.J. p. 307, § 464; 25 R.C.L. p. 414 § 50; 38 Tex.Jur. pp. 857, 860, §§ 36, 38; League v. DeYoung, 2 Tex. 497; Hosner v. DeYoung, 1 Tex. 764; Herring v. Bank, 113 Tex. 264, 253 S.W. 813; Id., 114 Tex. 394, 269 S.W. 1031; Stephens, Comptroller, v. Ry., 100 Tex. 177, 184, 97 S. W. 309; State Banking Board v. Bank (Tex.Civ.App.) 13 S.W.(2d) 391; Mosheim v. Rollins (Tex.Civ.App.) 79 S.W.(2d) 672; State Highway Comm. v. Tengg (Tex.Civ. App.) 57 S.W.(2d) 929; Parr v. Dunlap (Tex.Civ.App.), 26 S.W.(2d) 1082; Hampton v. State Board of Education, 90 Fla. 88, 105 So. 323, 42 A.L.R. 1456, and annotation.

We hold that the suit was in effect against the state, and not having been authorized, was properly dismissed below.

The judgment is affirmed.