**BRYAN et al. v. TEXAS STATE BOARD OF EDUCATION et al.**

**No. 4225.**

Court of Civil Appeals of Texas. El Paso.

April 9, 1942.

Rehearing Denied April 30, 1942.

Writ of Error Denied by Supreme Court June 10, 1942.

E. G. Moseley, of Dallas, for appellants.

Gerald C. Mann, Atty. Gen., Glenn R. Lewis, Cecil C. Cammack, and George W. Sparks, Asst. Attys. Gen., J. L. Goggans and B. O. Baker, both of Dallas, and Ralph W. Yarborough and Dan Moody, both of Austin, for appellees.

SUTTON, Justice.

This is an appeal from the Ninety-Eighth District Court of Travis County. The appellants, C. W. Bryan and two other taxpaying citizens, were plaintiffs below. The Texas State Board of Education, the individual members, the State Superintendent of Public Instruction, the State Treasurer, and divers publishing concerns holding contracts with the State to supply text books, were defendants in the trial court and are appellees here. The parties will here be described as in the trial court.

Plaintiffs sought to restrain by injunction what they described as the "illegal expenditure of State funds" under void contracts.

The contracts were alleged to be void, briefly, because:

(a) The Board had advertised for bids on and contracted for more than one-sixth (⅙th) of the total number of "Basal Subjects" contrary to Art. 2842 of the R.C.S., Vernon's Ann.Civ.St. Art. 2842;

(b) That the Board had delegated its power, authority and duty to examine and select text books to unauthorized third persons contrary to the statutes;

(c) That two of such contracts had been let on bids submitted without an offer of an exchange price contrary to the provisions of Art. 2849, R.C.S., Vernon's Ann. Civ.St. Art. 2849;

(d) That certain contracts were let for texts to be used in the 7th and 8th high school grades contrary to the provisions of Art. 2844a, Vernon's Ann.Civ.St. Art. 2844a.

The answers of all the defendants were substantially the same and by pleas in

abatement and special exceptions asserted the inability of the plaintiffs to bring and maintain the suit, because:

(1) The suit is one against the State and no consent to bring it has been had;

(2) The State is a necessary party and is absent;

(3) The suit is one the Attorney General alone may bring and maintain; and

· (4) The plaintiffs fail in various ways to show themselves entitled to bring and maintain the suit.

No questions are presented here on the pleadings which necessitate a detailed statement of them and such is omitted.

The trial court sustained the several pleas and exceptions. The plaintiffs declined to amend, and the suit was dismissed. From that judgment this appeal has been perfected.

Many interesting questions are presented, but we think only one or two at most need be noticed for an effective disposition of the case.

Plaintiffs allege in their petition the Board is an agency of the State; that the contracts were to furnish text books to the State and otherwise demonstrate the contracts are between the State and the several publishing concerns. As we understand it, there is no contention that the contracts are not State contracts (except because of their alleged invalidity they are a mere scrap of paper). The plaintiffs emphasize the proposition their suit is not one to cancel or set aside the contracts but merely to restrain the illegal expenditure of State funds under void contracts. We know of no way to make the home plate without going to first base. Under the contracts the undertaking on the part of the publishing concerns is to supply text books of a designated kind and quality at an agreed price to the State. The State's obligation is to pay for them. If the payment be prohibited then the State is relieved of its obligation and would not and could not be in a position to demand delivery of the books without payment. For all practical purposes the contracts are at once destroyed, cancelled and set aside. The State has as much interest in the contracts as the defendant publishing concerns. It desires the books contracted for. The expenditure under the contracts cannot be illegal unless the contracts are illegal and void as contended for by the plaintiffs. The illegality of the contracts must be first determined. We think this may not be done except with all parties to the contracts before the court.

Regardless of the language employed by the plaintiffs in their petition, the effect of the relief they seek and of the judgment if favorable to them is to nullify the contracts. If the performance by one party to an executory contract be permanently enjoined, the effect is to cancel the contract and this cannot be done in the absence of one of the parties to the contract. This is elementary. McCharen v. Bailey, Tex. Civ.App., 87 S.W.2d 284.

■ The State Board of Education, as alleged by plaintiffs, is an Agency of the State. The acts sought to be enjoined against the Board and the other State officials are official acts—things they undertake to do in the name of and for the State. We regard the effect of the suit as one against the State and without consent cannot be maintained. Herring v. Houston National Bank, 113 Tex. 264, 253 S.W. 813, and cases cited; Short v. W. T. Carter & Bro., 133 Tex. 202, 126 S.W.2d 953; State Highway Commission v. Tengg, Tex.Civ. App., 57 S.W.2d 929; San Antonio, etc., v. State Board of Education, Tex.Civ.App., 108 S.W.2d 445.

■ If it may be said we are in error in the foregoing conclusion and the State is not made a party, then we regard the State as a necessary party to the suit under the record made here, and it may not be maintained in its absence. Sherman v. Cage, Tex.Civ.App., 279 S.W. 508. There is no substantial difference on the pleadings between the instant case and that of Polly, County Judge, v. Hopkins, 74 Tex. 145, 11 S.W. 1084, and we regard it on principle the same. There the Supreme Court held the County a necessary party and that the suit could not be maintained without it, and that the trial court erred in not sustaining a general demurrer. To the same effect are Allison v. Ellis, Tex. Civ.App., 248 S.W. 814, and McCharen v. Bailey, supra. Many analogous cases might be cited.

We think the judgment of the trial court correct and it is affirmed.

WALTHALL, J., not · participating.