**TEXAS TECHNOLOGICAL COLLEGE,**
Appellant,

v.

**F. C. FRY, Appellee.**

No. 6444.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 22, 1954.

Rehearing Denied Dec. 20, 1954.

John Ben Shepperd, Atty. Gen., Sam C. Ratliff, and Milton Richardson, Asst. Attys. Gen., Dudley Brummett, County Atty., Lubbock, for appellant.

Crenshaw & Griffith, Lubbock, for appellee.,

MARTIN, Justice.

Appellee, F. C. Fry, as plaintiff in the trial court recovered judgment against appellant, Texas Technological College, defendant in the trial court, for the sum of $347.87 for breach of a written personal service contract.

Appellant filed a plea to the jurisdiction of the trial court and its one point of error on appeal is that the trial court erred in overruling defendant's plea to the jurisdiction since plaintiff had failed to obtain legislative permission to sue defendant. The appeal is based on the principle that Texas Technological College is an official arm of the State of Texas and that legislative permission or consent was required to bring suit against the State. Appellee's answer to this contention is that the trial court found as a matter of fact as well as law that appellant was a corporate body and not the State of Texas and in the absence of a statement of facts this Court must presume that the evidence supports the trial court's judgment.

Texas Technological College was created by Acts of the 38th Legislature and said enactment appears in substantially the same text as Articles 2629, 2630, 2631 and 2632 of the Texas Revised Civil Statutes. The Act creating the college reveals that funds were appropriated from the general revenues of the State of Texas to purchase the land on which the college was located as well as all necessary utilities, machinery, permanent improvements, equipment and buildings for said college.

■ The general legal concept is that if the result of a suit will operate to control state action or to subject the State to liability or is a suit which would affect the state's property interest that such suit is against the State of Texas. It is apparent in this cause that the damages which appellee recovered are not damages against Texas Technological College but against the State as any judgment must be realized out of property belonging to the State of Texas. Walsh v. University of Texas, Tex.Civ.App., 169 S.W.2d 993 (Writ refused).

■ The issue of whether appellant, Texas Technological College, is an institution of the State and has no existence independent of the State is not a question of fact but is solely a question of law. As revealed by the Acts of the legislature creating such state institution, the appellant college was purchased with state funds and has no existence independent of the State of Texas. It follows that a suit could not be filed and maintained against appellant without the appellee having first obtained legislative permission or consent to bring suit against the State of Texas. Walsh v. University of Texas, supra; Rainey v. Malone, Tex.Civ.App., 141 S.W. 2d 713.

Appellant's point of error is sustained and the judgment of the trial court is reversed and judgment is here rendered dismissing said cause.