**DALLAS INDEPENDENT SCHOOL DISTRICT, Appellant,**

v.

**J. W. EDGAR et al., Appellees.**

No. 3455.

Court of Civil Appeals of Texas.

Eastland.

Oct. 2, 1959.

Rehearing Denied Oct. 23, 1959.

Mark Martin, Andrew J. Thuss, Franklin E. Spafford, Robert L. Dillard, Jr., Dallas, for appellant.

Will Wilson, Atty. Gen., Leonard Passmore, Asst. Atty. Gen., for appellees.

WALTER, Justice.

Dallas Independent School District and its trustees filed suit against the Commissioner of Education of the State of Texas and other State officials for a declaration of law as to the applicability of Article 2900–a, Vernon's Ann. Texas Civ.St., and Article 2901–a, V.A.T.C.S., to its district in view of the judgment of a Federal Court which ordered said school district to desegregate the schools under their jurisdiction "with all deliberate speed".

Article 2900–a provides, in effect, that if any school authority should abolish the dual public school system without an election, it shall be ineligible for accreditation and ineligible to receive any Foundation Program Funds and further provides for a fine against those violating such statute. Article 2901–a provides for student transfers within and without the district without racial implications.

Attorney General Will Wilson filed an answer for the defendants setting up a plea to the jurisdiction and a plea in abatement, which pleas were sustained and judgment was entered dismissing the case.

The Dallas Independent School District has appealed from such judgment asserting (1) its suit was not prohibited by Section 28, Article 1 of the State Constitution, Vernon's Ann.St., (2) its suit was not against the State and the State's consent was not necessary, (3) that the school district and its trustees have a justiciable interest in this suit for a declaratory judgment.

Appellants do not attack the constitutionality of said statutes under either the state or federal constitution. Appellants, in effect, have pleaded that said statutes are valid, but ask that they be construed as not applying to it because of the Federal Court order. Without declaring said statutes unconstitutional or invalid, the courts cannot decline to apply them to the Dallas Independent School District. To do so would be contrary to Section 28, Article 1 of the Constitution of Texas which provides, "No power of suspending laws in this State shall be exercised except by the Legislature."

The appellants first sought a declaratory judgment in the federal court on the same subject matter presented in this case. The court sustained the action of the District Court in dismissing the complaint of the Dallas Independent School District and said, "There is obviously no justiciable controversy stated here." Dallas Independent School District v. Edgar, 5 Cir., 255 F.2d 455.

Appellants' suit is in reality a suit against the State of Texas which cannot be maintained without the consent of the legislature. Appellants contend no such consent is necessary in this case because their suit is only for the purpose of declaring the rights and duties of state officers. We cannot agree with such contention. San Antonio Independent School District v. State Board of Education, Tex. Civ.App., 108 S.W.2d 445 and Bryan v. Texas State Board of Education, Tex.Civ. App., 163 S.W.2d 837 (Ref.W.O.M.).

We have examined all of appellants' points and find no merit in them and they are accordingly overruled. The judgment is affirmed.