INDUSTRIAL CONSTRUCTION MANAGEMENT, Appellant,

v.

DeSOTO INDEPENDENT SCHOOL DISTRICT, Appellee.

No. 05–89–00449–CV.

Court of Appeals of Texas, Dallas.

Dec. 28, 1989.

Rehearing Denied Feb. 16, 1990.

Scott E. Kurth, DeSoto, for appellant.

Randel B. Gibbs, Dallas, for appellee.

Before ENOCH, C.J., and CARVER [1] and BISSETT [2], JJ.

## OPINION

CARVER, Justice.

Industrial Construction Management appeals from a summary judgment in which the trial court found that "the suit filed by the Plaintiff (Industrial) ... founded upon a breach of contract theory is barred in its entirety as a matter of law because the doctrine of sovereign immunity bars the filing of suit against independent school districts without legislative permission." We disagree, reverse, and remand for trial.

The live pleadings of Industrial at the entry of the summary judgment alleged that Industrial and DeSoto Independent School District entered into a written contract on October 14, 1985, by which Industrial agreed to provide labor, materials, and equipment for the construction of the cafeteria addition project at Beltline Elementary School for the lump sum of $711,644, such contract being attached to and made a part of said pleading. Industrial pleaded that it had been paid save for:

(1) $15,469.80 deducted from its payment for relocation of power lines even though its contract did not require this work from Industrial;

(2) $2,722.97 deducted from its payment for relocating telephone service even though its contract did not require this work from Industrial;

(3) $3,193.11 expended by Industrial for labor and material to paint masonry walls, which was unspecified, additional work under the contract;

(4) $1,336.00 expended by Industrial for labor and material to furnish and install flashing, which was unspecified, additional work under the contract;

(5) $10,000.00 for expense, labor and material to construct an electrical transformer pad, which was unspecified, additional work under the contract;

(6) an amount unspecified for obstruction, hindrance and delay by DeSoto because (a) DeSoto furnished Industrial incomplete plans and specifications; (b) DeSoto failed to obtain necessary approvals and permits from the City of DeSoto for 86 days; and (c) DeSoto delayed the installation of the electrical transformer thus denying power to Industrial at project site;

(7) and reasonable attorney's fees incurred by Industrial to protect itself against these violations of the contract by DeSoto.

In response to the foregoing active pleading of Industrial, DeSoto filed a motion for "Partial Summary Judgment" in the body of which it urged that Industrial sought damages for breach of contract; that DeSoto asserted its sovereign immunity as an affirmative defense; that DeSoto, as an independent school district, is an agency of the State and is not answerable for damages, whether in contract or tort; that such immunity had not been waived by DeSoto or the legislature; that Industrial could not amend so as to state a cognizable claim; and that, consequently, the Court should "deny all relief for damages to which Plaintiff has claimed in its petition." The trial court, apparently deeming this prayer as controlling over the label, granted DeSoto final summary judgment that Industrial "take nothing."

On appeal, Industrial urges that the trial court correctly held that its several claims "sounded in contract," but incorrectly concluded that DeSoto was entitled to sovereign immunity so as to bar such claims. DeSoto responds that, while the trial court

1. The Honorable Spencer Carver, Justice, retired, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

2. The Honorable Gerald T. Bissett, Justice, retired, Court of Appeals, Thirteenth District of Texas at Corpus Christi, sitting by assignment.

correctly concluded that all claims of Industrial were barred, the trial court mistakenly labeled Industrial's claims for delay damages and for attorney's fees as "sounding in contract" when such claims "sounded in tort" and were barred in any event. The parties here do not dispute, and it so appears from precedent, that school districts are immune from suits sounding in tort unless that immunity is waived. *See Barr v. Bernhard*, 562 S.W.2d 844, 846 (Tex. 1978); TEX.CIV.PRAC. & REM.CODE ANN. §§ 101.021 & 101.051 (Vernon 1986). Therefore, we must first resolve the nature of Industrial's claims.

■ DeSoto concedes all of Industrial's claims "sound in contract" save those for attorney's fees and for delay. In general, the prevailing party may not recover attorney fees unless such a recovery is authorized by contract or statute. *Prudential Insurance Co. of American v. Burke*, 614 S.W.2d 847, 849–50 (Tex.Civ.App.—Texarkana), *writ ref'd n.r.e. per curiam*, 621 S.W.2d 596 (Tex.1981). Article 2226 of the Texas Revised Civil Statutes, now codified as Texas Civil Practice and Remedies Code sections 38.001 through 38.006, provides for attorney's fees to, or against, persons and corporations. TEX.CIV.PRAC. & REM. CODE ANN. §§ 38.001–38.006 (Vernon 1986) (formerly TEX.REV.CIV.STAT.ANN. art. 2226). Answering a contention that "municipal" corporations were not intended to be included in this statute by our legislature, our Supreme Court held, in *Gates v. City of Dallas*, 704 S.W.2d 737 (Tex.1986), that "the underlying purpose of the statute is to encourage contracting parties to pay their just debts and discourage the very type of vexatious, time-consuming and unnecessary litigation in which Gates was forced to engage." *Gates*, 704 S.W.2d at 740.[3] We conclude that Industrial's right, if any, to attorney's fees under this statute arises out of the parties' contract and the per-

formance thereof; that is, this claim "sounds in contract" and the trial court correctly so held.

■ DeSoto also argues that the claim for delay damages is not contractual but "sounds in tort." DeSoto cites no precedent aiding the determination of the nature of such claims. Industrial points out that *Board of Regents of the University of Texas v. S & G Construction Co.*, 529 S.W.2d 90 (Tex.Civ.App.—Austin 1975, writ ref'd n.r.e.), held that, in every construction project, the law presumes that all of the parties to a contract will not hinder the performance of the others. *See Board of Regents of the University of Texas*, 529 S.W.2d at 95–96. Further, in *City of Houston v. R.F. Ball Construction Co., Inc.*, 570 S.W.2d 75 (Tex.Civ.App.—Houston [14th Dist.] 1978, writ ref'd n.r.e.), in a dispute over delay in the construction of airport facilities, the court held that:

> [A] contractor, such as Ball, is entitled to recover damages from a contractee, such as the City, for losses due to delay and hindrance of work if it proves (1) that its work was delayed or hindered, (2) that it suffered damages because of the delay or hindrance, and (3) that the contractee was responsible for the act or omission which caused the delay or hindrance.

*City of Houston*, 570 S.W.2d at 77. The contract of the parties here specifically provided that some types of delay would be remedied by extension of the completion time as limited in the contract, but also provided:

> 8.3.4 This Paragraph 8.3 does not exclude the recovery of damages for delay by either party under other provisions of the Contract Documents.

We conclude that Industrial's claim for delay damages arises from a breach of the contractual duty described in *S & G Construction* and imposed in *Ball*, thus

---

**3.** The holding in *Gates*, that section 38.001 authorizes recovery of attorney's fees in a suit against a municipal corporation, has been modified by the legislature in article 1269J–13 of the Texas Civil Statutes. TEX.REV.CIV.STAT.ANN. art. 1269J–13 (Vernon Supp.1989). Our citation to the *Gates* decision is not intended to imply that

the school district is a corporation for purposes of section 38.001 of the Texas Civil Practice and Remedies Code. That issue is not before us. *Gates* is cited only for the proposition that the claims for attorney fees in this case "sound in contract" and hence are not barred by sovereign immunity.

"sounding in contract," and the trial court correctly so held.

■ Having correctly determined that all the claims asserted by Industrial "sounded in contract," the trial court also determined that independent school districts were immune to such claims as an agency of the State unless legislative permission was obtained prior to the filing of suit. DeSoto concedes that our legislature has provided, in relation to independent school districts, in section 23.26 of the Texas Education Code, that:

(a) The trustees shall constitute a *body corporate* and *in the name of the school district* may acquire and hold real and personal property, *sue and be sued,* and receive bequests and donations or other moneys or funds coming legally into their hands.

(b) The trustees shall have the exclusive power to manage and govern the public free schools of the district.

(c) All rights and titles to the school property of the district, whether real or personal, shall be vested in the trustees and their successors in office.

(d) The trustees may adopt such rules, regulations, and bylaws as they may deem proper.

TEX.EDUC.CODE ANN. § 23.26 (Vernon 1987) (emphasis added). Nevertheless, DeSoto urges that similar "sue" and "be sued" language in statutes relating to hospital districts, *see Townsend v. Memorial Medical Center,* 529 S.W.2d 264, 267 (Tex.Civ. App.—Corpus Christi 1975, writ ref'd n.r.e.) and navigation districts, *see Bennett v. Brown County Water Improvement Dist. No. 1,* 153 Tex. 599, 272 S.W.2d 498, 501–03 (1954), has not been held to be legislative permission to sue for tort claims. DeSoto urges we hold likewise that the above quoted section 23.26 does not give legislative permission to sue an independent school district upon contract claims. We decline to so hold because the sovereign immunity doctrine does not apply to contracts made by the State, or any of its agencies under our Constitution, nor may legislative permission be required as a hurdle to a citizen's right to recover for his property, real

or personal, taken by the State, its agencies, or an independent school district. The Constitution of the State of Texas, article 1, section 17 provides:

No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person; and, when taken, except for the use of the State, such compensation shall be first made, or secured by a deposit of money; and no irrevocable or uncontrollable grant of special privileges or immunities, shall be made; but all privileges and franchises granted by the Legislature, or created under its authority shall be subject to the control thereof.

TEX. CONST. art. 1, § 17. We hold that DeSoto may not take the labor, materials, and equipment of Industrial, in the form of a completed cafeteria addition to its Beltline Elementary School, without adequate compensation determined by the courts of this state. The distinction between the State as a "sovereign" and the State as merely a contracting party was described by our Supreme Court in *Fristoe v. Blum,* 92 Tex. 76, 45 S.W. 998 (1898):

It is well settled that so long as the state is engaged in making or enforcing laws, or in the discharge of any other governmental function, it is to be regarded as a sovereign, and has prerogatives which do not appertain to the individual citizen; *but when it becomes a suitor in its own courts, or a party to a contract with a citizen,* the same law applies to it as under like conditions governs the contracts of an individual. In *Carr v. State,* 127 Ind. 205, 26 N.E. 778, the supreme court of that state said: "As there is a perfect contract, the state is bound to perform it according to its legal tenor and effect, and to redeem the pledge it has declared to be irrevocable. *In entering into the contract, it laid aside its attributes as a sovereign,* and bound itself, substantially as one of its citizens does when he enters into a contract. Its contracts are interpreted as the contracts of individuals are, and the law which measures individuals' rights and responsibilities measures, with few exceptions,

those of a state, whenever it enters into an ordinary business contract."

*Fristoe,* 45 S.W. at 999–1000 (emphasis added) (citations omitted). Subsequently, in *Gragg v. Hill,* 58 S.W.2d 150 (Tex.Civ. App.—Waco 1933, writ ref'd), the court rejected a contention by the school district that legislative permission was required before suit was brought for breach of a teacher's contract. *Gragg,* 58 S.W.2d at 151. Additionally, in *Cummins v. Board of Trustees of Eanes Ind. Sch. Dist.,* 468 S.W.2d 913 (Tex.Civ.App.—Austin 1971, no writ), the court reversed an abatement of a teacher's contract suit upon a plea of sovereign immunity holding that:

> The suit on the contract lies against the school authorities. *Gregg [sic] v. Hill,* 58 S.W.2d 150 (Tex.Civ.App.—Waco 1933, er. ref.). And a recovery from this character of suit could include consequential or special damages under the law. 59 TEX.JUR.2D, *Damages,* p. 135.

*Cummins,* 468 S.W.2d at 917. Finally, in perhaps the most extreme of circumstances, in *Crosby v. P.L. Marquess & Co.,* 226 S.W.2d 461 (Tex.Civ.App.—Beaumont 1950, writ ref'd n.r.e.), the court held that a tax appraiser's contract, though void and illegal for the absence of funds on hand when the contract was made with the school district, was nevertheless enforceable because:

> The appellees in their answer to the injunction suit also pleaded quantum meruit and alleged and proved that the School District had received the full benefit of the Company's work and services, that the value of work was at least $2,044 and prayed that in the event the contract should be held void that Marquess should be paid the reasonable value for services rendered. It seems to be well established that when a county or a municipality receives benefits under an illegal contract, it will be held liable on the implied contract for the reasonable value of benefits received; that common honesty and fair dealing require that a county or a municipality should not be permitted to receive benefit of money, property or service without paying just compensation therefor. This rule undoubtedly applies

to School Districts and other tax gathering bodies. *See Waller County v. Freelove,* Tex.Civ.App., 210 S.W.2d 602; *City of Houston v. Finn,* 139 Tex. 111, 161 S.W.2d 776.

*Crosby,* 226 S.W.2d at 464.

There exists authority contradicting our holding. In *Townsend,* a patient, while under sedation, was raped by a hospital orderly and sued the hospital district and its administration. *Townsend,* 529 S.W.2d at 265. Beside her tort claim, the patient also alleged an implied contract to "provide her a hygienic and secure environment" and that this event constituted a breach of that contract. The trial court sustained the defendant's special exceptions and found as a matter of law that the patient failed to state a cause of action as to the tort because of government immunity. *Id.* at 267. Further, *Townsend* recites "[a]bout the plaintiff's contract theory of recovery, the trial court found as a matter of law that there was no contract, expressed, implied in fact or implied in law." *Id.* at 266. On appeal *Townsend* does not rely upon the fact finding of the trial court that no contract existed, but merely states:

> A suit for breach of contract may not be filed and maintained against an agent of the State without first obtaining legislative permission. *Texas Technological College v. Fry,* 278 S.W.2d 480, 481 (Tex. Civ.App.—Amarillo 1954, no writ); *Bryan v. Texas State Board of Education,* 163 S.W.2d 837, 838 (Tex.Civ. App.—El Paso 1942, writ ref'd w.o.m.); *San Antonio Independent School Dist. v. State Board of Education,* 108 S.W.2d 445, 448 (Tex.Civ.App.—San Antonio 1937, no writ).

*Id.* at 267.

The authorities relied upon in *Townsend* do not support the generalization stated. *Fry,* as cited, was a suit for personal services, and the court did impose sovereign immunity against Fry. The opinion offers no reasoning and cites only one authority holding that the State's consent was required before a suit in trespass to try title was filed. *Fry,* 278 S.W.2d at 481. *Bryan* was an injunction suit seeking the court's

direction as to the discretionary performance of an official act. *Bryan*, 163 S.W.2d at 838. *San Antonio I.S.D.*, likewise, was an injunction seeking the court's direction as to the performance of a discretionary official act. *San Antonio I.S.D.*, 108 S.W.2d at 448. In none of these cases is found a reconciliation between the constitutional prohibition against a taking without adequate consideration and the use of sovereign immunity to prevent any judicial inquiry into the prohibited taking. We therefore decline to follow these authorities and adhere to the constitutional prohibition against uncompensated taking of property with its concomitant subjection of the State and its agencies to judicial determination of claims of contract.

In *Gates*, the Supreme Court, in holding that article 2226 allowing attorney's fees in contract disputes applied to municipal corporations, stated:

> Furthermore, the statute places no limitation on the broad powers of self-government of a home rule municipal corporation when acting in a proprietary capacity. The only power the statute could be said to limit would be the power to freely breach any contract simply because the breaching party is a municipal corporation.

*Gates*, 704 S.W.2d at 740. We likewise hold that the Constitution, and the authorities upon which we rely, place no limits on the powers of the independent school district, and its trustees, to govern the administration of education imposed upon them by the Texas Education Code. The only power our holding could be said to limit would be the power to freely breach any contract because the breaching party is a school district.

We reverse the summary judgment in favor of DeSoto; we assess all costs in the trial court and in this court to DeSoto; and we remand this cause to the trial court for further proceedings.