# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00690-CV

**Landry's Crab Shack, Inc. d/b/a Joe's Crab Shack, Appellant**

**v.**

**The Board of Regents, Texas State University System; and Southwest Texas State University, Appellees**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 207TH JUDICIAL DISTRICT NO. 2000-0670, HONORABLE HUME COFER, JUDGE PRESIDING

Appellant Landry's Crab Shack, Inc., doing business as Joe's Crab Shack ("Landry's"), sued appellees, the Board of Regents for the Texas State University System and Southwest Texas State University (collectively "the University"), for events arising out of a lease between the University and Landry's. The district court dismissed the cause for lack of jurisdiction. We will affirm in part and reverse and remand in part.

In 1997, Landry's leased a building owned by the University near Aquarena Springs and the San Marcos River to operate a Joe's Crab Shack restaurant. Following a flood in 1998, the University built a fence along a street near the restaurant. Landry's sued the University, complaining that the fence obscured the line of sight of and blocked access to the restaurant by a significant portion of Landry's targeted potential customers, "families using the [San Marcos] river." Landry's alleged that by building the fence, the University had breached the lease by interfering with Landry's use of the property. Landry's sought monetary damages for lost revenue, loss of use, and loss of the

benefit of the bargain and a modification of the contract to require the University to remove the fence. Landry's also sought a declaratory judgment as to its rights under the contract and stating that the construction of the fence was a breach of the contract. Finally, Landry's sought injunctions requiring the University to remove the fence and barring the University from rebuilding the fence in the future.

The University filed a plea to the jurisdiction, arguing the suit was barred by sovereign immunity. Landry's responded, and following a hearing, the district court granted the University's plea to the jurisdiction and dismissed the suit. On appeal, Landry's argues (1) that sovereign immunity does not shield the University from a suit for declaratory or injunctive relief, and (2) that it should have been permitted to amend its pleadings to address the University's contentions that Landry's pleadings were insufficient.[1]

Sovereign immunity, unless waived and absent legislative consent to sue the State, protects the State, its agencies, and its officials from lawsuits for damages. *Federal Sign v. Texas S. Univ.*, 951 S.W.2d 401, 405 (Tex. 1997); *Texas Workforce Comm'n v. MidFirst Bank*, 40 S.W.3d 690, 695 (Tex. App.—Austin 2001, pet. filed). The University is a State agency entitled to sovereign immunity. *See* Tex. Educ. Code Ann. §§ 95.01-.37, 96.41 (1991) (governing Texas State University System and Southwest Texas State University); *University of Tex.-Pan Am. v. Valdez*, 869 S.W.2d

---

[1] Landry's argued to the district court and initially to this Court that the University had waived sovereign immunity by virtue of its conduct. This Court, relying on *Federal Sign v. Texas Southern University*, 951 S.W.2d 401, 408 n.1 (Tex. 1997), recognized waiver by conduct as an exception to the general requirement of legislative consent to sue the State. *See Aer-Aerotron, Inc. v. Texas Dep't of Transp.*, 997 S.W.2d 687 (Tex. App.—Austin 1999), *rev'd*, 39 S.W.3d 220 (Tex. 2001); *Little-Tex Insulation Co. v. General Servs. Comm'n*, 997 S.W.2d 358 (Tex. App.—Austin 1999), *rev'd*, 39 S.W.3d 591 (Tex. 2001); *Texas Natural Res. Conservation Comm'n v. IT-Davy*, 998 S.W.2d 898 (Tex. App.—Austin 1999, pet. granted). However, the supreme court has now held that there is no waiver-by-conduct exception. *General Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 600 (Tex. 2001). Following the supreme court's decision in *Little-Tex*, Landry's abandoned its waiver-by-conduct issue.

446, 448 (Tex. App.—Corpus Christi 1993, writ denied); *Texas Technological Coll. v. Fry*, 278 S.W.2d 480, 481 (Tex. Civ. App.—Amarillo 1954, no writ). Sovereign immunity consists of two elements—immunity from suit and immunity from liability. *Federal Sign*, 951 S.W.2d at 405; *Bates v. Texas St. Tech. College*, 983 S.W.2d 821, 827 (Tex. App.—Waco 1998, pet. denied). When the State contracts with a private party, it waives its immunity from liability but it maintains its immunity from suit. *Federal Sign*, 951 S.W.2d at 405-06; *Texas Parks & Wildlife Dep't v. Callaway*, 971 S.W.2d 145, 149 (Tex. App.—Austin 1998, no pet.).

The Uniform Declaratory Judgments Act[2] is intended to settle "uncertainty and insecurity with respect to rights, status, and other legal relations" and is to be liberally construed and administered. Tex. Civ. Prac. & Rem. Code Ann. § 37.002 (West 1997). The act is a procedural means to decide cases already within a trial court's jurisdiction and involving an existing justiciable controversy and does not enlarge a trial court's jurisdiction. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993); *City of Austin v. L.S. Ranch, Ltd.*, 970 S.W.2d 750, 754 (Tex. App.—Austin 1998, no pet.).

A party to a contract may ask a trial court to resolve questions of construction arising from the contract. *J.E.M. v. Fidelity & Cas. Co.*, 928 S.W.2d 668, 671 (Tex. App.—Houston [1st Dist.] 1996, no writ). A party may sue for a declaratory judgment without having first obtained legislative consent to the suit. *Federal Sign*, 951 S.W.2d at 404 ("[W]e distinguish suits to determine a party's rights against the State from suits seeking damages. A party can maintain a suit to determine its rights without legislative permission."); *Cobb v. Harrington*, 190 S.W.2d 709, 712 (Tex. 1945); *MidFirst Bank*, 40 S.W.3d at 695. However, "[o]ne may not circumvent sovereign

---

[2] *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-.011 (West 1997 & Supp. 2001).

3

immunity by characterizing a contract dispute as a declaratory-judgment claim." *Texas Dep't of Transp. v. Jones Bros. Dirt & Paving Contractors*, 24 S.W.3d 893, 902 (Tex. App.—Austin 2000, pet. granted). In such instances, "the rule of state immunity from suit without its consent applies to suits under the Uniform Declaratory Judgments Act." *W. D. Haden Co. v. Dodgen*, 308 S.W.2d 838, 839 (Tex. 1958).

To challenge the district court's jurisdiction, the University must show either that (1) Landry's pleadings, when taken as true, affirmatively establish that the court lacks jurisdiction or (2) Landry's has pleaded fraudulently or in bad faith to confer jurisdiction. *See Curbo v. State*, 998 S.W.2d 337, 342 (Tex. App.—Austin 1999, no pet.). While Landry's pleadings may be deficient to establish that the district court has jurisdiction over Landry's claims for equitable relief,[3] the University had procedural methods to require Landry's to plead its equitable claims more specifically, but chose not to use those methods. *See Godley ISD v. Woods*, 21 S.W.3d 656, 660-61 (Tex. App.—Waco 2000, pet. denied). We also note that at the time the district court granted the University's plea to the jurisdiction, case law from this Court indicated that State defendants might waive sovereign immunity by their conduct. *See, e.g., Aer-Aerotron, Inc. v. Texas Dep't of Transp.*, 997 S.W.2d 687, 692 (Tex. App.—Austin 1999), *rev'd*, 39 S.W.3d 220 (Tex. 2001). Both Landry's and the University concentrated on that conduct-waiver in their pleadings; little attention was paid to Landry's sought equitable remedies. Only after this appeal was underway did the supreme court

---

[3] In its original petition, Landry's sought "a declaratory judgment . . . to declare the respective rights of the party and affirm that the fence . . . interferes with and is in violation of the contract . . . ." In its prayer for relief, Landry's asked for damages, modification of the contract to require the University to remove the fence, a permanent injunction prohibiting the University from erecting another fence, attorney's fees, pre- and post-judgment interest, costs, and "[a]ny and all other relief the [district court] deems appropriate."

4

issue its decision disapproving waiver of immunity from suit by virtue of the State's conduct. *See General Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 600 (Tex. 2001).

A trial court should not grant a plea to the jurisdiction without first allowing a plaintiff to replead if the jurisdictional defect is susceptible to amendment that would show the court's jurisdiction. *Bybee v. Fireman's Fund Ins. Co.*, 331 S.W.2d 910, 917 (Tex. 1960); *see Texas Ass'n of Bus.*, 852 S.W.2d at 446. If an apparent jurisdictional defect is curable, the actual issue is one of the sufficiency of the pleadings, not jurisdiction. *Bybee*, 331 S.W.2d at 917. The University did not file special exceptions to require Landry's to replead its claims for equitable relief more clearly or specifically, and we cannot say from the record that Landry's would be unable to replead those claims in a manner that would confer jurisdiction.

We affirm the district court's order as far as it dismisses Landry's breach-of-contract claims. We reverse the order as far as it dismisses Landry's claims for equitable relief and we remand the cause to the district court to allow Landry's to replead those claims.

_____

Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed in Part; Reversed and Remanded in Part

Filed: October 18, 2001

Do Not Publish