IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00095-CV

 

In re
Laura Dobbins

 

 



Original Proceeding

 



order lifting stay










 

            The Order Granting Emergency Temporary Relief entered by this Court
on April 1, 2009 is hereby set aside, effective immediately.  The Relator’s
petition for mandamus is still pending before this Court.

 

                                                                        PER
CURIAM

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Order
issued and filed May 14, 2009

Do
not publish





        v.

        RAILROAD COMMISSION OF TEXAS, ET AL.,

                                                                                       Appellees
 

From the 13th District Court
Navarro County, Texas
Trial Court # 93-00-03294-CV
                                                                                                    

O P I N I O N
                                                                                                    

          Maverick Drilling and Well Service ("Maverick") appeals from an order dismissing for
want of jurisdiction its suit against the Railroad Commission of Texas ("RRC"). As Maverick
framed the issue in oral argument: The only question is whether sovereign immunity applies when
the State contracts with a citizen. Because we believe that a waiver of sovereign immunity is a
policy decision to be made by the legislature, we affirm the judgment.
PROCEDURAL BACKGROUND
          In late 1991, the RRC awarded Maverick a bid to plug five oil wells. After Maverick
plugged one well, the RRC cancelled the awards on the remaining four wells.


 Maverick
requested payment of $48,151.71; the Commission paid $24,251.00. 
          Maverick sued the RRC seeking (1) the unpaid balance for plugging the first well and (2)
"$27,650.00 which was the value of the remainder of the contract which was wrongfully
canceled." Maverick also sued Randall Earley, a RRC official, for tortious interference with its
contract. The RRC filed a Plea to the Jurisdiction asserting that Maverick had not received
legislative consent to sue the State or its agencies. Maverick conceded that it had not received
consent to sue, but asserted that in a breach-of-contract suit (1) legislative consent is not a
prerequisite and (2) sovereign immunity violates the Open Courts and Due Course of Law
provisions of the Texas Constitution. 
POINTS OF ERROR
          In three points, Maverick asserts that the court erred in ruling that RRC was immune from
suit.
entering into contract waives immunity
          Maverick's first point asserts that the court's dismissal is erroneous because sovereign
immunity from suit is waived (and thus legislative consent unnecessary) in breach-of-contract
suits. Sovereign immunity consists of two elements: immunity from liability and immunity from
suit. Missouri Pacific R.R. v. Brownsville Navigation Dist., 453 S.W.2 812, 813 (Tex. 1970). 
Unless waived, the State retains its sovereign immunity. Id. 
          The State waives its immunity from liability when it enters into a contract. Fristoe v.
Blum, 92 Tex. 76, 45 S.W. 998, 999 (1898). The question here is: Does the State waive its
immunity from suit when it enters into a contract? Several courts of appeals have answered that
question in the negative. Texas Southern Univ. v. Federal Sign, 889 S.W.2d 509, 511 (Tex.
App.—Houston [14th Dist.] 1994, writ granted) ("[E]ven though the State waives its immunity
from liability when it enters into a contract, it retains its immunity from suit."); Green Int'l, Inc.
v. State, 877 S.W.2d 428, 432-33 (Tex. App.—Austin 1994, writ denied, order withdrawn,
dism'd); see also University of Texas Sys. v. Courtney, 1996 WL 490783, at *2 (Tex. App.—Fort
Worth, August 29, 1996, n.w.h.) ("[T]he trial court did not have jurisdiction over Courtney's
contract claim. . . . [P]ermission of the state is required to sue the state for breach of contract.").
          We recognize that the Dallas Court has stated that "the sovereign immunity doctrine does
not apply to contracts made by the State, or any of its agencies under our Constitution . . . ." 
Industrial Const. Mgmt v. DeSoto Indep. Sch. Dist., 785 S.W.2d 160, 163 (Tex. App.—Dallas
1989, no writ); see also Texas Dep't of Health v. Texas Health Enterp., Inc., 871 S.W.2d 498,
506 (Tex. App.—Dallas 1993, writ denied). We likewise acknowledge Justice Kidd's well-reasoned dissent in Green. Green, 877 S.W.2d at 439-41 (Kidd, J., dissenting) ("[T]he State may
not hide behind the cloak of sovereign immunity to escape its legitimate contractual obligations.").
          Our Supreme Court has agreed to review Texas Southern Univ., 889 S.W.2d 509. 39 Tex.
Sup. Ct. J. 92 (November 7, 1995). It specifically granted writ of error on three points, two of
which are germane to this appeal: (1) whether immunity from suit is waived when the State or
its agencies enter into a contract with a citizen; and (2) whether immunity from suit in a breach-of-contract suit violates the Open Courts and Due Course of Law provisions of the Texas
Constitution. 
          Until the Court determines otherwise, we will follow the Austin Court's reasoning in
Green. 877 S.W.2d at 433. Although the justifications for sovereign immunity have been
criticized—particularly in contractual situations—the waiver of sovereign is a matter properly
addressed to the legislature. Id. Maverick concedes that it did not obtain the State's consent to
be sued. Thus, the RRC retained immunity from suit, depriving the court of jurisdiction. Id. We
overrule point one.
open courts doctrine
          Maverick's second point asserts that the court's ruling violates the open courts and due
course of law provisions of the Texas Constitution. Tex. Const. art. I, §§ 13, 19. The open-courts provision guarantees a litigant's right to redress if (1) the litigant has a cognizable common-law cause of action and (2) the restriction on the litigant's right to bring that cause of action is
unreasonable or arbitrary when the effect of the restriction is balanced against its purpose and
effect. Sax v. Votteler, 648 S.W.2d 661, 666 (Tex. 1983). 
          The Austin Court stated in Green: "Sovereign immunity is a common-law doctrine; it
preceded the current Texas Constitution. Thus, we must read the open-courts provision in light
of the preexisting concept of sovereign immunity. We find no authority holding that the open-courts provision was intended to abolish or limit sovereign immunity." Green, 877 S.W.2d at
437. Further, "in light of the long-standing recognition of the doctrine of sovereign immunity,"
the Austin Court did not find that its application was an "unreasonable or arbitrary restriction of
Green's right to redress." Id. Similarly, Maverick has not met the two-prong test to establish an
open-courts violation. See Sax, 648 S.W.2d at 666. We overrule point two.



public taking
          Maverick's final point asserts that it pled a cause of action for an unconstitutional taking,
which is an exception to the doctrine of sovereign immunity. "No person's property shall be
taken, damaged, or destroyed for or applied to public use without adequate compensation being
made . . . ." Tex. Const. art. I, § 17. We again rely on the Austin Court's analysis in Green. 
877 S.W.2d at 433-35. The RRC has paid some monies to Maverick over the course of the
performance of the contact. The facts alleged do not indicate that the RRC had the intent to "take"
for public use under its powers of eminent domain. Id. at 435. We overrule point three and
affirm the judgment.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed September 18, 1996
Do not publish