**DALLAS INDEPENDENT SCHOOL DISTRICT et al., Appellants,**

v.

**J. W. EDGAR, Commissioner of Education et al., Appellees.**

**No. 17091.**

United States Court of Appeals
Fifth Circuit.

May 23, 1958.

A. J. Thuss, Dallas, Tex., for appellants.

B. H. Timmins, Jr., James N. Ludlum, Leonard Passmore, Asst. Attys. Gen., of Texas, Will Wilson, Atty. Gen. of Texas, for appellees.

Before TUTTLE, BROWN and WISDOM, Circuit Judges.

TUTTLE, Circuit Judge.

This is an appeal from an order of the District Court dismissing a suit by the Dallas School District against the Texas State Commissioner of Education and other state officials. It sought to have the district court enter a declaratory judgment determining its right under two state laws dealing with the appellant's duty to carry out the mandate previously entered by the district court that it desegregate the schools under its jurisdiction with all deliberate speed. Borders v. Rippy, 5 Cir., 247 F.2d 268. These two statutes, which were already in force when the case of Borders v. Rippy was last here for decision may be found in Vernon's Annotated Civil Statutes, arts. 2900a and 2901a.[1] They seek, in short to circumscribe the power of any Texas school district to desegregate its

[1] The titles to these two Acts give a good idea of their content:

"An Act to provide local option elections to determine continuance or abolition of a dual school system in each public school district in the State of Texas; requiring continuance of such dual school system until abolishment thereof be authorized by prior vote of the qualified electors in a school district; providing that a dual system may be maintained by arrangements for transfer and the educating of children in other public school districts; permitting school districts which maintained integrated schools for the 1956–1957 school year to continue to do so unless such system is abolished in accordance with this Act; placing school districts under certain disqualifications for a violation of this Act; making violation an offense and prescribing the penalty therefor; and declaring an emergency." Acts 1957, c. 283, Vernon's Annotated Civil Statutes, art. 2900a.

"An Act to declare the public policy of the State of Texas with respect to public education; to provide for further study and analysis as a basis for general reconsideration of the efficiency of the system in promoting the progress of pupils in accordance with their aptitudes and in futherance of social order and good will; pending such reconsideration to authorize district and county Board of School Trustees to provide for the continuation or establishment of units, facilities and curricula and the placement of pupils therein so as to assure the best practical educational curriculum and environment for the individual pupils consistent with the educational progress of others and the paramount function of the State's police power to assure social order, good will and the public welfare; and to prohibit such Boards from making or administering any order or reallocation of pupils without a finding by the Board or authority designated by it that such transfer or placement is as to each individual pupil consistent with the policies prescribed by this Act; authorizing transfer of pupils and funds from adjoining districts; authorizing assignment and reassigment of teachers; to establish the right of parents or guardians to withdraw children from public schools under certain conditions; to provide for appeals from the decisions of such Board in certain cases; providing that nothing in this Act shall affect any action heretofore taken by any school district in this State covering the subject matter of this Act; and declaring an emergency." Acts 1957, c. 287, Vernon's Annotated Civil Statutes, art. 2901a.

public schools, which we held in the Borders case must, on the record, be done in the Dallas Independent School District.

In effect, the petition of appellant in this litigation says to the District Court: "You have ordered us to desegregate, although you have not set a date; now our creator, the State of Texas, has told us (1) if we do so without an election it will withhold our share of state funds and subject our officers to penal sanctions, and (2) we may not reassign or transfer individual students without certifying that such reassignment or transfer is in accord with certain prescribed standards; now, you tell us whether to comply with your order in view of the action of the State of Texas, and if we do, tell us how we will be affected by the Texas laws."

Appellant points to no federal statute or provision of the federal constitution pursuant to which this proceeding is filed. It alleges generally that it is a civil action that arises under the constitution and laws of the United States, but fails to point to the statute or clause of the constitution on which it relies except to say, further, that it is under 28 U.S.C.A. § 1343(3),[2] the civil rights jurisdiction statute, and 42 U.S.C.A. §§ 1981 and 1983, the civil rights substantive statutes.

Appellant cites no authority for the proposition that a governmental unit, like a state-created school district is a "person" which can complain of state action denying it equal protection of the laws. Moreover, the complaint makes no affirmative allegation as to its legal contention vis-a-vis the appellees. It does not attack the constitutionality of the state statutes under the federal constitution; it does not even assert an adverse claim as against the appellees to the effect that they cannot legally enforce the state statutes. At most, it says: Here is the court's mandate; here are the statutes; we don't know how they will affect us; you enter a judgment "declarative of the rights, duties and obligations of the plaintiff to a United States Court of competent jurisdiction carrying out the final mandate of the United States Court and its position in relation to the two recently adopted legislative enactments."

The appellants' brief asserts that it, being a creature of the state and "owing its existence to legislative enactment, * * * could not complain to a court of an unconstitutional act. If the Legislature can create, it can later decimate," citing City of Trenton v. State of New Jersey, 262 U.S. 182, 43 S.Ct. 534, 67 L. Ed. 937. This is self evident, and so too is it equally plain under Mumme v. Marrs, 120 Tex. 383, 40 S.W.2d 31, that the appellant cannot assert a claim against the state, since "all school districts are subject to the plenary power of the Legislature." (This quotation comes from appellant's brief.) This being so, there is obviously no justiciable controversy stated here. This would, of course, require the dismissal of the complaint for failure to assert a claim on which relief could be granted. But it also, and more importantly, because it touches on the district court's jurisdiction, demonstrates the inapplicability of the civil rights statutes to a claim of this kind. Thus, there is no statute giving the district court jurisdiction of such an action.

The dismissal was required, both for want of federal jurisdiction and for failure to state a cause of action for declaratory relief.

The judgment is affirmed.

---

2. "The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

    ✻      *      *      *      *

"(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;" 28 U.S.C.A. § 1343(3).