309 F.2d 638
 Paul S. STONE et al., Individually and as Members of the State Board of Education of the State of Georgia, Appellants,
v.
MEMBERS OF the BOARD OF EDUCATION OF the CITY OF ATLANTA, GEORGIA, et al., Appellees.
 No. 19537.
 United States Court of Appeals Fifth Circuit.
 November 16, 1962.
 
 Charles J. Bloch, Deputy Asst. Atty. Gen., Macon, Ga., E. Freeman Leverett, Elberton, Ga., Eugene Cook, Atty. Gen. of Georgia, R. Carter Pittman, Deputy Attys. Gen., for appellants.
 Mrs. C. B. Motley, New York City, J. C. Savage, Newell Edenfield, A. C. Latimer, Atlanta, Ga., for appellees.
 Before TUTTLE, Chief Judge, BROWN, Circuit Judge, and JOHNSON, District Judge.
 PER CURIAM.
 
 
 1
 This appeal is from an Order of the trial court entered as an offshoot from its previous Order approving a plan offered by the Atlanta Board of Education to start compliance with the requirements of the Supreme Court opinion in Brown v. Board of Education of Topeka, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873, that segregated public schools must be ended with all deliberate speed. In the plan of the appellee here, it was prescribed that the consideration of race had no part in proposed transfers of students in the grades initially desegregated by the Atlanta Plan. This was approved by the Court's Order.
 
 
 2
 The present controversy was brought about by the filing on behalf of the Atlanta Board of Education of a Motion for Direction with the trial court alleging substantially the following situation:
 
 
 3
 Notwithstanding the exclusion of race as a basis for transfer in the School Board's Plan, the parents of a student in a previously all white school, Mr. and Mrs. Melkild, requested a transfer of their daughter from the school she had previously attended because it was under the Plan about to be integrated by the admission of several Negro students to a school that, for the next year at least, was to continue to be attended solely by persons of the white race since no Negro students were assigned to it. It is clear that the basis of the Melkild application was that she sought to escape the necessity of attending an integrated school. The Board of Education of the City of Atlanta denied the application for transfer, whereupon the Melkilds appealed to the State Board of Education. The State Board reversed the determination of the Atlanta Board and directed that Sandra Melkild be permitted to transfer as requested in her application.
 
 
 4
 It thus became apparent to the trial court that the Atlanta Board of Education was, under the State Statutes, under the requirement to comply with the State Board of Education Order, but it was under the Order of the District Court required to eliminate race as a basis of effecting a transfer in carrying out its plan of desegregation. The trial court properly held that it was appropriate for the Atlanta Board, under these circumstances, to ask its guidance and to seek a declaration of its rights.
 
 
 5
 Although clearly it was not necessary for the trial court to have the appellant, State Board of Education, before it in order to make its prior Order effective, we conclude that the trial court could properly cause the Members of the State Board of Education to be made parties since their action was to some extent an effort by them to frustrate the trial court's earlier Order. This case thus differs from the case of Dallas Independent School District v. Edgar, 5th Cir., 255 F.2d 455, in which this Court held that a City Independent School District in Texas could not file a suit against the State Board of Education. The effect of the proceeding here was that the Atlanta Board simply drew to the attention of the trial court the fact that the State Board was seeking to interfere with the trial court's order. Thereupon, it became the duty of the trial court to proceed in an ancillary manner to have the appellants joined as parties to the appending suit in order that the validity of their action could be questioned.
 
 
 6
 The judgment of the trial court setting aside and vacating the order of the State Board of Education as inconsistent with the Court's previous judgment is
 
 
 7
 Affirmed.