

# THE ATTORNEY GENERAL
# OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

May 27, 1965

Overruled by M-111
where conflict

Honorable Dorsey B. Hardeman
Chairman, Finance Committee
State Senate
Austin, Texas

Opinion No. C-449

Re: Validity of a "rider" con-
tained in Article V of
House Bill 12, General Ap-
propriation Act.

Dear Senator Hardeman:

You have requested an opinion on the validity of the
following language contained in a "rider" in Article V of
House Bill 12 of the 59th Legislature, General Appropriation
Bill:

"Interpretation of Legislative intent as
it relates to the funds appropriated in this
Act and the conditions, limitations and pro-
cedures relating thereto shall be the respon-
sibility of the Attorney General. In the
event of controversies or conflicts of inter-
pretation, final determination of Legislative
intent shall be made through opinions or rul-
ings by the Attorney General and the Comptrol-
ler of Public Accounts is directed to follow
such opinions or rulings in the payment of
claims from the funds appropriated in this
Act."

In determining the validity of the above-quoted language
of a "rider" in the General Appropriation Bill, we are govern-
ed by the principles of law announced in the authorities cited
in Attorney General's Opinions C-443 and C-447. These prin-
ciples are as follows: General legislation cannot be included
within a general appropriation bill - Moore v. Sheppard, 144
Tex. 537, 192 S.W.2d 599 (1946); a "rider" in a general appro-
priation bill cannot repeal, modify or amend an existing gener-
al law - Conley v. Daughters of the Republic, 106 Tex. 80, 156
S.W. 197 (1913); Linden v. Finley, 92 Tex. 451, 49 S.W. 578
(1899); State v. Steele, 57 Tex. 203 (1882).

It is the duty of the Attorney General as the chief legal officer of the State to give legal advice in the form of opinions to the Governor, heads of the various departments, boards and commissions and State institutions, and committees of the Legislature, and to represent the State and the various State boards, departments and commissions in civil actions. Article IV, Section 22 of the Constitution of Texas; Chapter 4, Title 70, Revised Civil Statutes of Texas, 1925 (Articles 4394-4413, V.C.S.); Terrell v. Sparks, 104 Tex. 191, 135 S.W. 519 (1911); Brady v. Brooks, 99 Tex. 366, 89 S.W. 1053 (1905).

The various State departments, boards and commissions, when performing their official duties, act as agencies of the State. Therefore, such agencies do not have such a justiciable interest as would authorize one State agency to maintain a suit against another State agency, since such a suit would, in effect, constitute the State of Texas maintaining a suit against itself. See Dallas Independent School District v. Edgar, 255 F.2d 455 (5th Circuit, 1958); Dallas Independent School District v. Edgar, 328 S.W.2d 201 (Tex.Civ.App. 1959).

In recognizing the responsibility of the Attorney General to advise county officials regarding their duties, the Court in Wichita County v. Robinson, 155 Tex. 1, 276 S.W.2d 509, held that a county was not entitled to recover from a county official compensation which had been paid such county official under an invalid act where the compensation had been paid him in reliance upon the advice of the Attorney General.

In view of the foregoing, it is the established law in this State that it is the responsibility of the Attorney General to settle controversies between agencies of the State. The language of the "rider" involved in your request differs, therefore, from the "rider" involved in Attorney General's Opinion C-447. The "rider" construed in Attorney General's Opinion C-447 modified the existing law by making the Comptroller of Public Accounts the fact finding agency for all expenditures of State funds. On the other hand, the "rider" involved in your request merely makes a declaration of the responsibility of the Attorney General, which responsibility has heretofore been established by the constitutional and statutory provisions of the State, and judicially determined by the courts of this State. Therefore, the "rider" involved in this request does not attempt to amend, modify or repeal any existing State law. Since the "rider" constitutes merely a declaration of existing law, you are advised that no change in the existing law will occur by either the exclusion or inclusion of the provisions of the "rider" involved in your request. Therefore, it is within the sound discretion of the Legislature to determine whether such a

Hon. Dorsey B. Hardeman, page 3 (C-449)

declaration should or should not be made.

## SUMMARY

A "rider" declaring that in the event of controversies or conflicts between agencies of the State as they relate to expenditure of funds appropriated by a general appropriation bill, it is the responsibility of the Attorney General to determine the legislative intent, does not modify, amend or repeal any existing legislation and is consistent with the present general law. Such language constitutes merely a declaration by the Legislature of the already existing law. Whether such harmless declaration should or should not be made is within the sound discretion of the Legislature.

Yours very truly,

WAGGONER CARR
Attorney General

By *John Reeves*
John Reeves
Assistant

JR:ms

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
J. C. Davis
Pat Bailey
Jack Goodman
W. O. Shultz

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone